## COURT OF APPEALS.

The People of the State of New York, respondents agt. James M. Raymond, appellant.

The office of *commissioner of taxes* in the city of New York, as at present constituted, comprises the official duties and functions of officers existing at the time the com

People agt. Raymond.

stitution of 1846 was adopted, which were then performed by ward assessors and the board of assessors of the city.

The act of the legislature of 1867, vesting the appointment of these tax commissioners in the governor and senate, is *unconstitutional and void*.

These commissioners of taxes are *city officers*, and must be elected or appointed in the mode the constitution provides, to wit: "by the electors of such city or of some division thereof. or appointed by such authorities thereof as the legislature shall designate for that purpose."

*January Term*, 1868.

THIS is an action in the nature of a *quo warranto*, brought against James M. Raymond, a commissioner of taxes and assessments in the city of New York, an office to which he was appointed by the governor of the state of New York, by and with the advice and consent of the senate, under and in pursuance of the provisions of an act of the legislature of the state of New York, passed April 17, 1867 (*ch.* 410 *Laws of* 1867). The only question presented for the consideration of the court is the constitutionality of the act referred to.

The judge at special term, in New York, decided that the act referred to was valid, and affirmed the right of the defend ant to the office.

This udgment was reversed at the general term and a new trial ordered.

The opinion of the general term is as follows:

*New York January Term*, 1868.

*By the court*, LEONARD, P. J. The new duties directed to be performed by the tax commissioners under the act of 1850, and since that time by the act of 1857 and other acts, are merely incidents and colorable additions to the duties

---

* NOTE. It is understood that the last legislature (1868) passed an act vesting the appointing power of these commissions in the *comptroller* of the city of New York. This act has not been made public as yet; but if its provisions are the same as those contained in a similar act passed by the legislature in 1859, authorizing the comptroller to appoint the commissioners, such an act will be required at every succeeding appointment by the comptroller, under the decision of this court in *People ex rel. Brown* agt. *Woodruff* 32 *N. Y. R.* 355; *S. C.* 29 *How. Pr. R.* 203; which held that the power of appointment by the comptroller became exhausted after the first exercise of it.—REP.

before these dates for a long time appertaining to the office of assessors of taxes.

From 1850, when the board of tax commissioners was created, until the act of April 17, 1867, the commissioners were appointed by the board of supervisors or by the comptroller of the city of New York, local authorities elected by the people of that city. The change in the appointing power from the supervisors to the comptroller made no infraction of the constitution, because those officers are elected by the people of the city within which the commissioners are to perform their duties. By the act of 1867, the commissioners of taxes and assessments are to be appointed by the governor, an officer elected by the people of the whole state of New York. It requires no argument to demonstrate that the latter act is in plain violation of the spirit and intent of section 2, article 10, of the constitution of this state. The change in the name, with the continuation of the same powers and the addition of certain new duties and functions not before found necessary to the administration of the office, does not amount to a creation of a new office. Every office now filled by the people of the city of New York may, by legislation, have some new power or duty conferred, which, with the same reason and justice, it might be claimed, permitted a change in the term and power of appointment, so that the governor of the state, instead of the people of the city of New York, or some authority elected by them, should fill all the offices of that city. The plaintiffs are entitled to judgment of ouster, &c., against the defendant, and the judgment appealed from must be reversed with costs to the appellants.

From this order the present appeal is taken.

M. B. CHAMPLIN, *attorney general,* and HENRY H. ANDERSON, *for respondents.*

W. F. ALLEN, WALDO HUTCHINS and JOHN H. REYNOLDS, *for appellant.*

GROVER, J. This is an action in the nature of a *quo war-ranto*, brought by the attorney general, to determine the title of the appellant to the office of commissioner of taxes and assessments of the city and county of New York. The appellant was duly appointed to such office by the governor, with the consent of the senate, pursuant to section 1, chapter 410, *Laws of* 1867 (*p.* 981), and has duly qualified according to the requirements of said act. His right to the office, therefore, depends upon the constitutionality of said act. It is claimed by the counsel of the respondents that the act in question is in conflict with section 2, article 10, of the constitution, and, therefore, void. That section provides that all county officers whose election or appointment is not provided for by this constitution shall be elected by the electors of the respective counties, or appointed by the boards of supervisors, or other county authorities, as the legislature shall direct. All city, town, and village officers whose election or appointment is not provided for by this constitution shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof as the legislature shall designate for that purpose. All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the legislature may direct. There is no question but that the office in question is exclusively a city office. To determine whether the act in question is constitutional so far as the power of appointment is thereby vested in the governor, with the consent of the senate, it is necessary to determine whether the office in substance existed at the time of the adoption of the present constitution; and if found not so existing, then the further question whether city, town and county offices subsequently created may be filled in any mode prescribed by the legislature. To determine the first question, it is necessary to ascertain the functions and duties of the office in question. Thus, upon examination of the

act in question (the act of 1859, page 678, the acts of 1857 and 1850), and the previous legislation, these will be found to consist of power to appoint deputies, clerks, &c., who, together with the officers in question, by performing the various duties of their respective offices, are to make an assessment of all the property liable to taxation in the city for municipal and state purposes. To correct the rolls of such assessments, and to equalize the same, and to preserve such rolls in an office to be kept by them, and deliver the same to those whose duty it is to levy the taxes upon such rolls, authorized upon the property of the city. It is necessary, also, to inquire whether the like functions were performed by any officers prior to the existing constitution. This all know must have been so, as taxation upon property is not wholly of modern origin, but has existed at intervals for state purposes, and at all times for municipal purposes, since the existence of the state, and there must necessarily have been at all times some mode by which a valuation of the property liable to taxation was made by public authority, as a basis upon which taxes were apportioned among its owners. An examination of the statutes in force at the adoption of the constitution, will show that such valuation was then made by assessors chosen by the electors of the respective wards of the city, two in each ward. That these ward assessors were required to assess all the taxable property in their respective wards; and when this was completed, they were all required to meet together as a board, and when so met, to compare, equalize, and correct all the assessment rolls of the city; and when completed, the assessors were to deliver the same to those whose duty it was to apportion the taxes required to be collected upon the basis of such valuation.

Thus it appears that precisely the same essential functions were performed in making, equalizing, correcting and delivering the assessment rolls by the ward assessors, at the time of the adoption of the constitution, that were contemplated

to be performed by the commissioners of taxes and assessments by the act in question; that, although the names of the officers and their mode of appointment have been changed, the result to be accomplished by the one is identical with that of the other. But it is argued on the part of the appellant, that additional powers have been conferred and additional duties imposed upon the commissioners. This is true; they are to keep an office during the entire year, in which the rolls are to be kept for inspection; they are to procure and preserve maps of the lots in the city; to keep a record of the building permits; to them power is given to insert in the rolls property which has been omitted, and to do some other acts, none of which were required of the assessors, and which they were not authorized to do. But an examination of these new duties and powers will show that they are all such as are calculated to facilitate and the better enable them to perform the same essential duty performed by the assessors—that is, of perfecting a valuation of the property as a basis of taxation. Such additional facilities in the performance of the same duties, surely cannot make them new officers in the sense of the constitution.

If they can thus be made new, the section of the constitution above quoted may readily be made a mere nullity. I am far from conceding that it would be competent for the legislature to take from the city all control over the assessment of the property of the city for purposes of taxation and vest this power in the central authority, by conferring powers upon the officers or boards, upon which they conferred it over other subjects, and imposing duties upon them entirely foreign to those of making the assessment. The plain intention of the section of the constitution in question, was to preserve to localities the control of the official functions of which they were then possessed; and this control was carefully preserved consistent with the power of the legislature to make needful changes by restricting the power of appointment of other officers to perform the same functions

to the people, or some authority of the locality. Any other construction would render the section in question, when applied to the cities of the state, substantially nugatory. It is not enough that the name of the officer is changed or the powers enlarged, to authorize the legislature to confer upon the governor the appointment of officers to discharge the duties performed by city officers at the adoption of the constitution.

This accords with the reasoning of the prevailing opinion in *The People* agt. *Draper* (15. *N. Y. R.* 532), and also with that of other cases, although the precise point has never been decided by this court. It is insisted that the assessors elected by the wards of the city were not city officers. It will be seen, by the act of 1830, that they not only assessed the property of their respective wards, but all were required to meet as a board and act upon and perfect all the rolls of the city. This clearly made them city officers within the meaning of the constitution. The acts of 1859, 1857 and 1850, gave the power of appointment of the commissioners to some local authority of the city, and thus preserved the local control over the subject. The act of 1867 vests the appointment in the governor and the senate, and thus deprives the city of all local control of the assessment of the property of the people for the purposes of taxation. It thus deprives the people of the city of a right secured to them by the constitution, and is therefore void. This renders a discussion of the question—whether the legislature can provide for the appointment to a city office, created after the adoption of the constitution, in any mode deemed best for the public interest—unnecessary, for the reason that the office in question was not so created within the meaning of the constitution. I will simply remark that this question was decided in *The People* agt. *Pinckney et al.* (32 *N. Y. R.* 377) in which it was held that this power was possessed by the legislature. The question was not at all discussed, but it was assumed that it had been decided in the same way in *The*

*People* agt. *Draper* (*supra*). A slight examination will show that there was no such question decided in the latter case. It was there held that the officers in question were not city officers in any constitutional sense, but officers of the district created by the act; consequently, this question was not at all in the case; and all that was said in relation to it was entirely *obiter*. Whether the question, under the circumstances, would be considered open in this court, cannot now be determined.

The judgment appealed from must be affirmed.