## SUPREME COURT.

THE PEOPLE *ex rel.* THOMAS H. KINGSLAND agt. JOHN J. BRADLEY, Chamberlain.

Upon the authority of *The People* agt. *Raymond* (37 *N. Y.*, 428), the act of 1855, ch. 407, creating the commissioners of records for the city and county of New York, must be held *unconstitutional.*

The duties which it imposes upon the commissioners of records are the same as those required of local officials at the time of the adoption of the present constitution. The act named five commissioners, and a certificate upon the treasurer, signed by three only of the commissioners, without the meeting at the time of the whole five, was insufficient.

*New York Special Term, January,* 1872.

THE relator was the assignee of a claim for salary of one Bell, superintendant of printing, employed by the commissioners of records for the city and county of New York.

The commission was created by the act, *ch.* 407, *laws* 1855, which provides that said commissioners shall have the records of the register, &c., copied and printed to such extent as they deem proper, and that the expenses incurred by them shall be paid by the county treasurer upon the certificate of the commissioners.

The certificates of the relator's assignor were signed by three commissioners, the whole number of commissioners named in the act being five, one of whom had died before the date of the certificates.

D. J. DEAN, *for the respondent.*

Argued, I. The act *ch.* 407, *laws* 1855, is repugnant to *section* 2 *of art* 10 of the constitution of this state.

II. That the certificates produced are insufficient.

WM. C. TRULL, *for relator.*

BARRETT, J.—Upon the authority of *The People* agt. *Raymond* (37 *N. Y.*, 428), the act under consideration must be held to be unconstitutional.

The duties which it imposes upon the commissioners of records are substantially the same as those required of local officials at the time of the adoption of the present constitution.

It is true that additional powers are granted, but the object is the same, namely the preservation of the records and their arrangement for convenient reference.

This question was not raised in *The People ex rel. McSpedon* agt. *The Board of Supervisors* (11 *Abb.* 233), nor was the act passed upon in *The People ex rel. The Commissioners of Records* agt. *The Supervisors of N. Y.* (11 *Abb.*, 114), nor referred to further than to concede its unconstitutionality for the purposes of the argument.

(2.) The objection to the certificate is also well taken. The signature of a majority is only sufficient when a meeting of all has been duly convened (2 *R. S., Edmond's Ed.*, 575; *The People* agt. *The Board of Supervisors,* 10 *Abb.,* 233). This was impossible as Mr. Nathan died upon the 10th of October, 1863.

(3.) There is nothing in the point that the claim has not been audited as required by chap. 590 of the laws of 1857; for the reason that money paid upon the certificate of the commissioners is not drawn by the authority of the board of supervisors.

(4.) The question is not *res adjudicata.* The judgment of March 23, 1864, upon its face negatives the suggestion that Bell's salary was the subject of adjudication.

(5.) This disposes of all the questions presented.

The application must therefore be denied, but without prejudice to such proceedings for the enforcement of the judgment of March 23, 1864, as the relator may be advised to institute.