Ingraham, P. J.
If it be conceded that the original act, of 1855, appointing the commissioners of records, was unconstitutional, and that the acting of such commissioners might have been prevented, still they have performed the duties imposed upon them, and the legislature, by repeated appropriations of money, since, for the payment of their indebtedness, have ratified such acts, and provided therefor. Under such circumstances, I do not think that the payment of the just claims which the legislature have thus ordered to be paid can be defeated by setting up the invalidity of the act under which the original appointment was made. There can be no doubt but that, although the original act was unconstitutional,. the legislature may, by a subsequent act, direct the expenses incurred by such legislation to be paid. This they have done in this case.
The case of The People v. Raymond, (37 N. Y. 428,) was a proceeding by quo warranto to try the title to the office, and does not meet this case.
The objection that all of the commissioners have not certified the account is not well taken. The certificate is signed by all who can act. Mr. ISTathan was dead, when the certificate was given. Mr. Busteed had removed from the State, and such removal rendered the office he held vacant. (1 R. S. 413, § 40.) There remained, then," but three commissioners in office, and these all signed the certificate. In The People v. The *230 Board of Supervisors, (10 AM. 233,) it was held that the signatures of a majority of the commissioners was sufficient, but that all must be consulted. As all have signed the certificate, there is no ground upon which we could say that any of those who signed it were not consulted as to its contents. The presumption is the other way.
[First Department, General Term, at New York,
November 4, 1872
Ingraham and Brady, Justices.]
The objection that the account has not been audited under the act of 1857, chapter 590, is answered by the fact that the money is not drawn by authority of the board of supervisors, but by the certificate of the commissioners, under an express statutory provision. Ko auditing is therefore necessary.
The papers show that the account is fairly due; that money has been appropriated for its payment; and that sufficient of that appropriation remains unexpended to pay the account. These facts are not controverted on the part of the respondent, and there is no good reason shown why the claim should not be paid.
The mandamus should issue, and the order appealed from be reversed.
Brady, J. I concur with the presiding justice, upon the ground that, assuming the act of 1855, to which he refers, to be unconstitutional, the expenses incurred in proceedings under it may be provided for by subsequent legislation. On that subject, it is alleged and not denied, that the sum of 8100,000 was raised by tax, of which sufficient remains to pay this claim. And it must be assumed that the sum named was raised by law duly authorizing it. If it were not for this element, I should dissent.
Order reversed.