In the Matter of WILLIAM T. WENDELL, Respondent, against JOHN F. LAVIN, as County Treasurer of the County of Albany, Appellant.

Constitutional law — counties — officers — office of commissioner of jurors of Albany county a county office in existence when Constitution of 1894 went into effect — Legislature without power thereafter to designate State officers to make appointment of commissioner — custom cannot modify express provision of Constitution — constitutional provision authorizing Legislature to direct as to appointment to offices "hereafter" created, speaks as of the time of its adoption — Constitution a new instrument and not merely an amendment of earlier Constitutions — appointment of commissioner in accordance with statutes in effect prior to passage of illegal act valid.

1. The office of commissioner of jurors of Albany county was a county office which existed under actual laws on and prior to January 1, 1895, when the Constitution of 1894 went into effect. It was not competent, therefore, for the Legislature, by chapter 441 of the Laws of 1899 and chapter 320 of the Laws of 1900, to provide for appointment of the incumbent of that office by resident Supreme Court justices. Under section 2 of article 10 of the Constitution the Legislature cannot select State officers to make appointments to county offices except where such offices are created after the Constitution went into effect.

2. The validity of such an appointment to office must be considered irrespective of the practice or good faith of public authorities in

making similar ones for the past quarter of a century. Neither practice nor intentions can modify the express provisions of the Constitution.

3. A contention that if the office was not one created after the present Constitution was adopted, it was one created after the Constitution of 1846, and that the word "hereafter," used in the last sentence of section 2 of article 10 of the Constitution of 1894, refers not to that instrument, but to the earlier Constitution, cannot be sustained. This section of the Constitution of 1894 spoke as of the time of its adoption, and the new offices referred to, or offices to be created, were those that came into existence after January 1, 1895.

4. Nor may a suggestion be sustained that as the Constitution of 1894 continued some of the provisions contained in earlier Constitutions, it was in reality an amendment of those Constitutions, and not a new instrument adopted by the People as and for a complete and new Constitution. The proceedings and resolutions of the convention show otherwise.

5. The act of 1899 could apply to the county of Albany in every particular except the power of appointment. As to that the prior laws were not superseded. A commissioner, therefore, appointed by the authorities designated by chapter 557 of the Laws of 1894, as amended by chapter 679 of the Laws of 1896, is a legally appointed commissioner of jurors for Albany county.

(Argued May 31, 1927; decided July 20, 1927.)

APPEAL, under subdivision 3 of section 588 of the Civil Practice Act, from an order of Special Term, entered May 4, 1927, granting a motion for a peremptory order of mandamus to compel the Albany county treasurer to pay salary to the petitioner as commissioner of jurors in the county of Albany for the year 1926.

*Robert E. Whalen* for appellant. The provisions of chapter 441 of the Laws of 1899 and of chapter 320 of the Laws of 1900, in so far as they attempt to vest in a justice of the Supreme Court power to participate in the designation of a commissioner of jurors for the county of Albany, contravene section 2 of article X of the Constitution. (*Matter of Whiting,* 2 Barb. 513; *Matter of Carpenter,* 7 Barb. 30; *People ex rel. Bush* v. *Houghton,* 182 N. Y. 301; *People* v. *Raymond,* 37 N. Y. 428; *Matter of Brenner,* 170

N. Y. 185; *Matter of Morgan* v. *Furey*, 186 N. Y. 202; *People* v. *Draper*, 15 N. Y. 532; *People ex rel. Inebriates' Home* v. *Comptroller*, 152 N. Y. 399; *Matter of Keymer*, 148 N. Y. 219; *People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368.)

*Robert H. McCormic* for respondent. The office of commissioner of jurors created by chapter 441 of the Laws of 1899 and chapter 320 of the Laws of 1900, was a new office with new functions and did not exist prior to the Constitution of 1894. (*People ex rel. Simon* v. *Bradley*, 207 N. Y. 592; *Matter of Morgan* v. *Furey*, 186 N. Y. 202; *Sun P. & P. Assn.* v. *Mayor, etc.*, 8 App. Div. 230; 152 N. Y. 257; *People ex rel. Metropolitan St. Ry. Co.* v. *State Board of Tax Comrs.*, 174 N. Y. 417.) Even though chapter 557 of the Laws of 1894 established the office of commissioner of jurors as a county office, it was a new office in its relation to the Constitution of 1846, and the Legislature was authorized to change the manner of appointment. (*Matter of Allison* v. *Welde*, 172 N. Y. 421; *Sweet* v. *City of Syracuse*, 129 N. Y. 316; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 568; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *People* v. *Fancher*, 50 N. Y. 288.)

*Albert Ottinger, Attorney-General* (*Wendell P. Brown* and *Amos D. Moscrip* of counsel), for State of New York. The constitutional requirement that county officers shall be elected by the electors or appointed by the boards of supervisors or other county authorities is without application to officers whose offices were created subsequent to the adoption of the Constitution of 1846. (*Ely* v. *Holton*, 15 N. Y. 595; *Matter of Estate of Prime*, 136 N. Y. 347; *Sweet* v. *City of Syracuse*, 60 Hun, 28; 129 N. Y. 316; *Mangam* v. *Brooklyn*, 98 N. Y. 585; *People* v. *Fancher*, 50 N. Y. 288; *People* v. *Potter*, 47 N. Y. 375; *Matter of N. Y. Dist. R. Co.*, 42 Hun, 621; 107 N. Y. 42; McKinney on Constitutional Interpretation, § 6; Sedgwick on Statutory &

# 118 MATTER OF WENDELL v. LAVIN.

Constitutional Law, 19; *Matter of Allison* v. *Welde,* 172 N. Y. 421; *People* v. *Mosher,* 45 App. Div. 68; 163 N. Y. 32; *State Board of Pharmacy* v. *Bellinger,* 138 App. Div. 12; *People* v. *Roberts,* 91 Hun, 101; 148 N. Y. 360.) The office of commissioner of jurors, as now existing in the county of Albany, is a new office, created subsequent to the adoption of the Constitution of 1846, and in fact subsequent to the adoption of the Constitution of 1894. (*Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592; *Matter of Morgan* v. *Furey,* 186 N. Y. 202; *Sun P. & P. Assn.* v. *Mayor, etc.,* 8 App. Div. 230; 152 N. Y. 257; *People ex rel. Metropolitan S. R. Co.* v. *State Board of Tax Comrs.,* 174 N. Y. 417; *Matter of Allison* v. *Welde,* 172 N. Y. 421; *People* v. *Palmer,* 52 N. Y. 83; *People* v. *Woodruff,* 32 N. Y. 355; *Hequembourg* v. *Dunkirk,* 49 Hun, 550.) A long-continued course of action under a statute by public officers whose duty it is to construe, execute and apply the act, is entitled to great weight in its construction, and a departure therefrom is not lightly to be made. (*Curtis* v. *Leavitt,* 15 N. Y. 9; *Farmers' Bank* v. *Hale,* 59 N. Y. 53; *Hassan* v. *Rochester,* 67 N. Y. 528; *Southampton* v. *Mecox Bay Oyster Co.,* 116 N. Y. 1; *People* v. *Ballard,* 134 N. Y. 269; *Vail* v. *R. R. Co.,* 147 N. Y. 377; *City of New York* v. *N. Y. City Ry. Co.,* 192 N. Y. 543; *Grimmer* v. *Tenement H. Dept.,* 205 N. Y. 549; *Duryee* v. *Mayer,* 96 N. Y. 477; *Matter of City of N. Y.,* 217 N. Y. 1; *Easton* v. *Pickersgill,* 55 N. Y. 310; *Mayor, etc., of N. Y.* v. *Starin,* 106 N. Y. 19.)

CRANE, J.    Chapter 441 of the Laws of 1899 established the office of commissioner of jurors in and for the counties of Richmond and Queens, and in any other county of the State where the board of supervisors of the county by resolution so elected. The commissioner was to execute an undertaking, receive a salary, appoint assistants and clerks, and select the trial jurors, determining

upon their qualifications and right to exemption. He was also, with the board appointing him, to prepare a list of grand jurors to be drawn by the county clerk. The appointment of the commissioner was to be made by the justices of the Supreme Court residing in the county and the county judge. From this act Albany county was specifically excluded.

By chapter 320 of the Laws of 1900 this exclusion of Albany county was stricken out, and the county was specifically made subject to the provisions of chapter 441 of the Laws of 1899.

The board of supervisors of Albany county on May 8, 1900, passed a resolution pursuant to the above acts establishing the office of commissioner of jurors for that county. Thereupon and for each five years thereafter a board, composed of two justices of the Supreme Court, resident in the county, and the county judge, have appointed a commissioner of jurors; and the petitioner herein is now serving under such appointment.

The constitutionality of the applicant's appointment has now been challenged. It is said that in so far as the act of 1899 gives the appointment of the commissioner of jurors to Supreme Court justices, that is, State officials, as distinguished from county officials, the act violates section 2 of article X of the State Constitution. The section reads as follows: " All county officers whose election or appointment is not provided for by this Constitution, shall be elected by the electors of the respective counties or appointed by the boards of supervisors, or other county authorities, as the Legislature shall direct." As the commissioner of jurors is not a constitutional officer, his appointment must be made by county, not State, authorities. The Legislature can select any county authority it pleases, but it is limited to county authorities and cannot select a Supreme Court judge or State authority to make the appointment. However, if the commissioner of jurors' office is one created after

the Constitution went into force and effect, the Legislature is not so limited, because the last sentence of section 2 of article X reads: " All officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed as the Legislature may direct."

The applicant in this case, the present commissioner of jurors, claims that chapter 441 of the Laws of 1899 created a new office, an office coming into existence after the Constitution of 1894, and, therefore, the Legislature could provide for his appointment in any way it pleased. The appellant, on the other hand, contends that the commissioner of jurors for Albany county was not a new office; that it had existed prior to the Constitution of 1894, and that, therefore, the Legislature was restricted to county authorities in designating the appointive power. Is the office of the present commissioner of jurors a new office within the meaning of this Constitution of 1894?

This question must be answered irrespective of the action of the public authorities for the last quarter of a century, and without in any way questioning their good faith. No one now or at any time has questioned the purpose or intention of the appointing powers. It is conceded that they have acted under a conscientious belief not only in their power, but in their duty to make the appointment of a commissioner of jurors according to the direction of the Legislature, as expressed in these Laws of 1899 and 1900, made specifically applicable to Albany county. Nevertheless, neither practice nor intentions can modify the express provisions of the Constitution. Sometimes the interpretation of a doubtful and obscure clause in an act of the Legislature, or in a Constitution, may be aided by the practice which has grown up under it, but plain and clear provisions of a Constitution require no such aid; they are to be enforced and brought to life early or late, and must not be smothered by the accumulation of custom or violations.

In this spirit do we approach the consideration of

chapter 557 of the Laws of 1894, which became a law
May 8 of that year. It is entitled, " An act to provide
for a commission of jurors in counties containing cities
of from ninety to ninety-six thousand inhabitants." It
is conceded that Albany county contains such a city.
Section 1 provides: " In every county except the county
of Onondaga containing a city of not less than ninety or
more than ninety-six thousand inhabitants, * * *
the grand jurors for such county, and the petit jurors
for each city and village therein shall be selected by a
person to be designated by the county judge, surrogate
and county clerk of each such county and who shall be
known as the commissioner of jurors." He must be a
resident freeholder of the county and his appointment shall
be filed with the county clerk. He is to complete the
list of names which shall constitute the grand jurors for
the county and the petit jurors for each city and village
in the county. At such time and place as shall be desig-
nated in each city and village, the commissioner of
jurors shall receive evidence of exemptions and shall mark
" exempt " on the list of the names of those persons found
to be exempt. He may strike from the list any person
whom he believes to be disqualified to act. A person
not claiming exemption at the time and place designated
is deemed to have waived it. The commissioner of
jurors in each county is to receive a compensation to be
paid by the county treasurer and raised by a tax by the
board of supervisors.

Reading this act in connection with chapter 441 of the
Laws of 1899, it will be readily seen that in the main
they relate to the same office and same nature of work
by a county official. Chapter 679 of the Laws of 1896
extended the powers of the commissioner of jurors, as
designated in the act of 1894, so as to include the drawing
of the petit jurors for the county, as well as for the cities
and villages. As this act was passed after the Con-
stitution of 1894, we will only consider the duties of the

commissioner of jurors as they were in 1894. Albany county at that time had two cities, Albany and Cohoes, possibly three, Watervliet, and five or six villages. The commissioner of jurors, so designated by chapter 557 of the Laws of 1894, was charged with the duty of selecting the grand jurors for the county and the petit jurors for the courts to be held in each of these cities and villages. The method of selection was the same under this law as that described in chapter 441 of the Laws of 1899. Under both laws he was to determine the qualification of the jurors for the respective courts, and pass upon and certify to exemptions. The main difference consists only in the extent of the commissioner's jurisdiction. By the law of 1894 it was limited to selecting the grand jurors of the county and the petit jurors for the cities and villages. This left out the towns and petit jurors for the county. The act of 1899 extended the commissioner's jurisdiction to all the trial jurors of the county, which of course included the cities, villages, towns and county. This had previously been done by chapter 679 of the Laws of 1896, but as above stated, I am leaving this law out of consideration for the time being, as I am making a comparison merely between the law of 1894 and the law of 1899, as the Constitution going into effect January 1, 1895, came in between the two. Other features of this law of 1899 are, that the term of office was fixed at five years; an undertaking was required and an assistant and clerk given to the commissioner. Look as I will, I cannot possibly see how the commissioner of jurors under the act of 1899 was a different office to that under the act of 1894. By both acts he was designated the commissioner of jurors; his duty was to procure jurors; he was an official of the county, paid by the county. The later act extended the commissioner's duties to other local courts, provided additional help, a definite term, a few other details for procedure, and nothing more. None of these modifications or extensions of power or

additional requirements made of the office a new office. The duties, powers and privileges in the main were the same, and carried on by an official designated as the commissioner of jurors for the county.

Within all the authorities, chapter 441 of the Laws of 1899 did not create a new office of commissioner of jurors for the county of Albany; that is, one created after the adoption of the Constitution of 1894. (*People ex rel. Met. St. Ry. Co.* v. *Tax Comrs.*, 174 N. Y. 417, where the cases are reviewed. See, also, *Matter of Morgan* v. *Furey*, 186 N. Y. 202; *People ex rel. Simon* v. *Bradley*, 207 N. Y. 592; *Matter of McAneny* v. *Bd. of Estimate, etc.*, 232 N. Y. 377.)

It is said, however, that if the office was not one created. after the present Constitution was adopted, it was one created after the Constitution of 1846, and that the word " hereafter," used in the last sentence of section 2 of article X of the Constitution of 1894, refers not to that instrument, but to the earlier Constitution. This claim is based upon the fact that article X, section 2, is taken word for word from the Constitution of 1846.

Both reason and authority compel us to hold that this section of the Constitution of 1894 spoke as of the time of its adoption, and that the new offices referred to, or offices to be created, were those that came into existence after January 1, 1895.

The same rules apply to the construction of a Constitution as to that of statute law. (*People ex rel. Jackson* v. *Potter*, 47 N. Y. 375, pp. 379, 380.) At the time of the meeting of the Convention to frame the Constitution of 1894, there was in force and effect the Statutory Construction Law, section 9 of which read as follows: " Each of the terms, heretofore, and hereafter, in any provision of a statute, relates to the time such provision takes effect. The term now in any provision of a statute referring to other laws in force, or to persons in office, or to any facts or circumstances as existing, relates to the

laws in force, or to the person in office, or to the facts or circumstances existing, respectively, immediately before the taking effect of such provision." (These sections are now section 23 and section 34 of the General Construction Law; Cons. Laws, ch. 22.) The Constitutional Convention of 1894 included many of the leading lawyers of our State familiar with the fundamental principles of law and the interpretation of statutes and constitutions. Irrespective of any presumption in favor of an intelligent bar, they must have known the Construction Law and the decisions holding that constitutions are to be construed like statutes. Under the shadow, therefore, of section 9 of the Statutory Construction Law, the convention adopted section 2 of article X. The last clause of that section, reading: " All officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed as the Legislature may direct," referred by the word " hereafter," to the time when the Constitution which they were drafting would take effect.

In *Wynehamer* v. *People* (13 N. Y. 378, at p. 426) the provision of the Constitution of 1846, " the trial by jury in all cases in which it has heretofore been used shall remain inviolate forever," was under construction. The case in which trial by jury was there claimed was one in which the right existed by statute, when the Constitution of 1846 was adopted, but did not exist when the first Constitution, i. e., that of 1777, which contained the same provision, was adopted. It was, therefore, argued that the word " heretofore " had to be referred back to the Constitution of 1777, to which Judge JOHNSON said: " Writings are to be construed as to the time when they are made; and ' heretofore,' in this clause, means before 1846, and cannot, to limit its meaning, be carried back to 1777, and confined to the cases which, at that earlier period, were triable by jury."

This court, moreover, has had this very point before it in *Matter of Brenner* (170 N. Y. 185). The office of the

1927.]          Opinion, per CRANE, J.         [246 N. Y. 115]

commissioner of jurors in the county of Kings was created by chapter 322 of the Laws of 1858. The act provided that he should be appointed by certain specified county officers, namely, the county judge, district attorney, the sheriff, the surrogate, and the two side justices of the Court of Sessions. The office continued down to 1901, when by chapter 602 of the Laws of that year, the appointive power was transferred to the justices of the Appellate Division of the Supreme Court of the second judicial department. The appointment of Jacob Brenner as commissioner by the Appellate Division was challenged on the ground that chapter 602 of the Laws of 1901 was unconstitutional, as violating section 2 of article X of the Constitution of 1894. This court was called upon to decide and did decide three propositions: *First*, it held that the commissioner of jurors was a county office; *second*, that although chapter 602 of the Laws of 1901 was a general act providing for the appointment of commissioners of jurors, and for a special jury in civil and criminal actions, in each county of the State having a population of one million or more, it did not create a new and distinct office in the county of Kings; that it was a mere enlargement of the powers or an extension of the office as it existed under the Laws of 1858; and *third*, that while the commissioner of jurors was an office created after the Constitution of 1846, it nevertheless became subject to the limitations of section 2 of article X of the Constitution of 1894. The appointment by the Appellate Division was held to be in violation of the Constitution. This case necessarily decided that the words, " whose offices may hereafter be created by law," applied to the time when the Constitution of 1894 was adopted, and did not relate back to the Constitution of 1846.

A reference to the briefs in the lower courts and in this court, as contained in the appeal book (Vol. 1722, Court of Appeals Cases, Brooklyn Law Library), will show

[246 N. Y. 115]     Opinion, per CRANE. J.     [July,

that these points were well briefed, and were passed upon in the opinions of the lower courts. In our opinion, we said in reference to section 2, article X of the Constitution of 1894: " It is the first sentence of the section that is applicable to this case, and it is settled that the officers there mentioned and designated are those existing under actual laws of the State at the time the present constitution went into effect; that is, such county officers as existed under actual laws on and prior to January first, 1895. It was not competent for the Legislature to provide for the appointment of such officers after that date otherwise than by and through some county authority."

The commissioner of jurors of Albany county was a county office which existed under actual laws on and prior to January 1, 1895. It was not competent, therefore, for the Legislature by the laws of 1899 and 1900, above referred to, to provide for the appointment by resident Supreme Court justices.

I can find no substantial distinction between the duties of the commissioner of jurors as provided in the act of 1858 for the county of Kings and those of the commissioner of jurors provided for Albany under the act of 1894. It is true the act of 1858 related solely to Kings county, while the act of 1894 related generally to counties having a city of from ninety to ninety-six thousand inhabitants. Chapter 602 of the Laws of 1901, covering Kings county, was a general act, applicable to each county having a population of a million or more. There are several provisions relating to the duties and powers of the commissioner of jurors in Kings which did not apply to the office in Albany county. These differences and variations are of minor importance in considering this constitutional provision, which seeks to preserve local autonomy and the power of appointment for local offices as it existed at the time the Constitution was adopted. The fundamental fact remains that Albany

as well as Kings county, prior to January 1, 1895, had a commissioner of jurors whose duty it was to provide jurors for the principal courts to be held in the cities and villages of the county. The qualification and exemption of jurors was a matter of investigation by the commissioner of both counties. The personnel and compass of the two offices might have been different due to local conditions, but I can find nothing in the law applicable to Kings county which distinguishes in principle the *Brenner* case from this one arising in Albany county. The courts should not strain for distinctions to avoid the plain and simple provisions of the Constitution. Our State Constitution deals with fundamental principles and the main outline of State government. It leaves the details for subsequent legislation. This court has heretofore refused to permit the varying details of legislation to modify these fundamental principles.

*Matter of Allison* v. *Welde* (172 N. Y. 421) did not modify our decision in the *Brenner* case. For reasons there stated, chapter 602 of the Laws of 1901, above referred to, while not creating a new office for Kings county, did create a new office for New York county, for the reason stated in the opinion of Judge HAIGHT. The conditions in the two counties were entirely different. Judge HAIGHT had dissented in the *Brenner* case, and apparently again expressed his reasons for his dissent in his opinion in the *Welde* case. His views, however, on this point were not shared by the majority of the court which agreed with him as to the creation of a new office. The *Welde* case, however, is important, as indicating that the points here raised were again called to the attention of this court and that it did not vary from its position in the *Brenner* case.

The suggestion has been made by the respondent that as the Constitution of 1894 continued some of the provisions contained in earlier Constitutions, it was in reality an amendment of those Constitutions, and not

a new instrument adopted by the people as and for a complete and new Constitution. The proceedings and resolutions of the convention show otherwise. (Lincoln's Constitutional History, vol. III.) Writing for this court in *People ex rel. Metropolitan St. Ry. Co.* v. *Tax Comrs.* (174 N. Y. 417) VANN, J., refers to article X, section 2, as contained in the third Constitution drafted in 1846, and says: " The same provision was carried forward, *ipsissimis verbis*, into our present Constitution." And in *People ex rel. Town of Pelham* v. *Vil. of Pelham* (215 N. Y. 374), referring to this same section and article of the Constitution, this court said: " It [the Legislature] cannot take away those local rights of self-government which the municipal corporation enjoyed when the present Constitution was adopted." (See, also, *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360, 369; *Chittenden* v. *Wurster*, 152 N. Y. 345, 350.)

My conclusion, therefore, is that the Legislature exceeded its authority by providing for the appointment of the commissioner of jurors in Albany county by State officials and not by county authorities, and that the applicant is not entitled to the office or to the emoluments thereof. He has not been appointed according to the mandates of the Constitution.

This, however, does not leave the county of Albany without a commissioner of jurors, or without any designated authority to make the appointment. Chapter 441 of the Laws of 1899, as amended by chapter 320 of the Laws of 1900, was extended to the county of Albany. The latter act repealed chapter 557 of the Laws of 1894, as amended by chapter 679 of the Laws of 1896, only in a qualified way. There was no complete repeal. It said that these two earlier laws " shall not hereafter apply to the county of Albany, but such county shall be subject to the provisions of chapter 441 of the Laws of 1899, as amended by this act." The act of 1899 could apply to the county of Albany in every particular except the

power of appointment. This part of the law was unconstitutional. The law of 1894 did not apply to the county of Albany in so far as the law of 1899 became effective. The Legislature never intended to leave the county of Albany without a commissioner of jurors or a proper power of appointment. If the method provided in the act of 1899 was unconstitutional, the county of Albany could not be subject in this particular to the Laws of 1899, and the Laws of 1894 did apply, and were not superseded. What the Legislature meant and what it virtually said was that the Laws of 1894 did not apply to the county of Albany because the county was deemed subject to the Laws of 1899. Clearly, the Legislature would not create a power of appointment which it believed to be unconstitutional, and, therefore, did not intend to repeal the law of 1894 by substituting for it an unconstitutional or empty power. I cannot imagine that it would knowingly do an empty and useless thing. The commissioner, therefore, appointed by the authorities designated by chapter 557 of the Laws of 1894, as amended by chapter 679 of the Laws of 1896, would be and is a legally appointed commissioner of jurors for Albany county.

For the reasons here stated, the order of the Special Term should be reversed, and the application of the petitioner for a peremptory order of mandamus denied, without costs.

CARDOZO, Ch. J., POUND, KELLOGG and O'BRIEN, JJ., concur; ANDREWS, J., dissents; LEHMAN, J., absent.

Ordered accordingly.