In the Matter of the Application of HOUSEHOLD REALTY CORPORATION, Petitioner, for an Order that ARTHUR M. FERRIS and Others, Constituting the Board of Assessors of the City of Syracuse, Respondents, Show Cause Why the Assessment of the Property of Said Petitioner for the Year 1936 Should Not Be Declared Erroneous, Unlawful, Unequal, Unjust and Unreasonable, and Reduced Accordingly. (541 South Clinton Street.)

Supreme Court, Onondaga County, March 14, 1936.

*Gerber & Winkelstein [Warren Winkelstein* of counsel], for the petitioner.

*James C. Tormey, Corporation Counsel [Arthur M. Beach* of counsel], for the respondents.

*John T. Delaney, Augustus C. Stevens, Dodd, Lessen & Ginnelly,* and *Morris Garber, amici curiæ.*

CREGG, J. This is a motion by the respondents to dismiss a proceeding brought by the petitioner, under the provisions of chapter 75 of the Laws of 1906 of the State of New York, as amended prior to 1935, to reduce an assessment on its property located at 541 South Clinton street, in the city of Syracuse, N. Y., on the grounds that such assessment is illegal, erroneous, unequal, unjust and unreasonable.

The motion is based upon the grounds that chapter 449 of the Laws of 1935 amended and supplemented the above-mentioned statute; that as amended and supplemented it conferred upon the city the right to create the office of a board of review of assessments and taxation in said city; that it authorized the resident Supreme Court justices to appoint such board; that such board was created, its members appointed and that they duly qualified and were acting as such board at the time of the commencement of these proceedings.

The respondents also claim that all applications for the reduction or modification of taxes in the city of Syracuse must first be presented to and determined by such board before recourse can be

had to this court and that petitioner is bound by a proceeding already pending before the board of review.

The petitioner claims that chapter 449 of the Laws of 1935 is unconstitutional and void in that it violates the provisions of section 2 of article 10 of the Constitution of the State of New York which reads as follows:

" Appointment or election of officers, not provided for by this Constitution.—§ 2. All county officers whose election or appointment is not provided for by this Constitution, shall be elected by the electors of the respective counties or appointed by the boards of supervisors, or other county authorities, as the Legislature shall direct. All city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose. All other officers, whose election or appointment is not provided for by this Constitution, and all officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed as the Legislature may direct."

Petitioner concedes that, in name, the office of board of review is new, but claims that all the essential powers and duties attempted to be conferred upon the board by chapter 449 are not new but that they were all possessed by the board of assessors of the city of Syracuse as it existed on January 1, 1895, when the Constitution took effect, and that, in effect, the board of review attempts to usurp the powers and duties of the board of assessors duly elected by the people of the city. Second in that it delegates the duty of appointing such board to a central authority, namely, the justices of the Supreme Court residing in the city of Syracuse instead of vesting such authority in the proper city officials.

An examination of chapter 75 of the Laws of 1906 and the amendments thereof prior to 1935; of article I of chapter 13 of part I of the Revised Statutes (1 R. S. 389 *et seq.*); and of the Town Law, together with the Revised Statutes of 1851 and 1857 and the amendments thereto, convinces me that the powers, duties and obligations of the board of assessors in the city of Syracuse on January 1, 1895, when our present State Constitution took effect, were substantially as follows:

(1) To ascertain the taxable persons and property in their respective districts.

(2) To prepare assessment rolls.

(3) To value real and personal property.

(4) To give various notices on completion of the rolls.

(5) To hear complaints and review their assessments on the application of any person conceiving himself aggrieved and in connection therewith the power to take testimony under oath on examination in connection with complaints.

(6) To correct and alter their assessments after hearings.

The amendments since 1894 are of no concern in deciding these issues, because we must apply the tests laid down in the case of *Wendell* v. *Lavin* (246 N. Y. 115) and determine the powers and duties of the board as they existed on January 1, 1895.

In that case Judge CRANE, in writing the opinion of the court, said (at p. 123): " Both reason and authority compel us to hold that this section of the Constitution of 1894 spoke as of the time of its adoption, and that the new offices referred to, or offices to be created, were those that came into existence after January 1, 1895."

In order to determine whether or not the present board of review created under and pursuant to the provisions of chapter 449 of the Laws of 1935 usurps the powers and duties of the board of assessors of the city of Syracuse as they existed on January 1, 1895, and whether or not any new office within the meaning of the Constitution was created by chapter 449, we must consider what are the powers and duties of the board of review as at present created.

An examination of the statute convinces us that they are substantially as follows:

(1) To adopt, enforce and amend rules of procedure and provide for hearings and taking testimony.

(2) To take testimony and proof under oath.

(3) To administer oaths, and issue subpœnas and commissions, and to require attendance of witnesses and the production of documents and evidence.

(4) To consider and determine any questions that might be raised in a proceeding to review an assessment brought under section 2 of the act.

(5) To consider the assessment *de novo*, and to modify, reduce or vacate the same.

It is rather significant that although the board created pursuant to the provisions of chapter 449 is called a board of review, no authority can be found in the law which gives it the right to review. Instead it is given the power to consider valuation of properties and all assessments of taxes in the city of Syracuse " *de novo* " and to make an entirely new assessment providing such assessment is not increased.

The hearing and determination of complaints against local assessments has always been a local function vested in the local officers of cities, towns and villages. (*People ex rel. Town of Pelham* v. *Village of Pelham*, 215 N. Y. 374.)

In my opinion the essential functions sought to be conferred upon the board of review are not new. They were all within the powers and duties of the board of assessors of this city as constituted January 1, 1895, and that any attempt to transfer such functions to a newly created and appointed board is a violation of section 2 of article 10 of the Constitution of the State of New York.

I am also of the opinion that chapter 449 of the Laws of 1935 is unconstitutional in that it delegates to a central board, namely, the Supreme Court justices resident of the city of Syracuse, the authority to appoint city officers. If that can be done then local self-government may be lost. (*People* v. *Raymond*, 37 N. Y. 428; *People ex rel. Metropolitan Street Railway Co.* v. *Tax Commissioners*, 174 id. 417.) In the latter case the court said (at p. 434):

" Local functions, however, cannot be transferred to a State officer. The Legislature has the power to regulate, increase or diminish the duties of the local officer, but it has been steadfastly held that this power is subject to the limitation that no essential or exclusive function belonging to the office can be transferred to an officer appointed by central authority. The office may go, but the function must be exercised locally if exercised at all. While no arbitrary line is drawn to separate the powers of local and State officers, the integrity of the local office is protected, with its original and inherent functions unimpaired. It is interference, whether direct or indirect with the vital, intrinsic and inseparable functions of the office as thus defined and understood that the Constitution prohibits."

" These and other commands of the different Constitutions, when read in the light of prior and contemporaneous history, show that the object of the people in enacting them was to prevent centralization of power in the State and to continue, preserve and expand local self-government." (*People ex rel. Metropolitan Street Railway Co.* v. *Tax Commissioners, supra*, at p. 434.)

In arriving at the foregoing conclusions I have not been unmindful of the various cases cited by respondents, and particularly *Matter of McAneny* v. *Board of Estimate* (232 N. Y. 377).

In that case it was determined that the duties of the newly-created Public Service Commission were essentially new. In the instant case we have determined that the duties of the board of review are not essentially new, but that they are essentially the same duties conferred upon and possessed by the board of assessors of the city of Syracuse on January 1, 1895. The same distinction exists between the instant case and the case of *People ex rel. Simon* v. *Bradley* (207 N. Y. 592). Chapter 449 attempts to give the board of review the power to consider all assessments " *de novo.*"

Therefore, in effect, it usurps practically all the powers and duties of the board of assessors.

It is urged that inasmuch as the petitioner filed an application with the board of review it cannot now successfully attack the authority of such board. In my opinion, that contention is not well founded. Petitioner in setting forth its cause of action was not bound to consider a void statute. (*Atkins* v. *Hertz Drivurself Stations, Inc.*, 261 N. Y. 352.)

For these reasons I deem it unnecessary to pass upon the other questions raised by the pleadings and deny the motion of respondents to dismiss this proceeding. I strike out from the respondents' return the first and second separate returns contained therein and hold that chapter 449 of the Laws of 1935 is unconstitutional and invalid.

Order may be entered accordingly.