In the Matter of BROWN-LIPE GEAR COMPANY, Respondent, against ARTHUR M. FERRIS et al., Constituting the Board of Assessors of the City of Syracuse, Appellants.

Argued October 1, 1937; decided October 5, 1937.

420

*James C. Tormey, Corporation Counsel (A. M. Beach of counsel), for appellants.* Chapter 449 of the Laws of 1935, authorizing the Board of Review of Taxes and Assessments of the city of Syracuse, is valid and con. stitutional and the second question submitted should be answered in the negative. (*Matter of Wendell* v. *Lavin,* 246 N. Y. 115; *Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377; *People ex rel. Chamberlain* v. *Forrest,* 96 N. Y. 544; *Matter of Hermance* v. *Board of Supervisors,* 71 N. Y. 481; *People ex rel. Citizens Lighting Co.* v. *Feitner,* 81 App. Div. 118; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592; *People ex rel. Met. St. Ry. Co.* v. *Tax Commrs.,* 174 N. Y. 417; *Matter of Morgan* v. *Furey,* 186 N. Y. 202; *People* v. *Pinckney,* 32 N. Y. 377; *People ex rel. Welch* v. *Bard,* 209 N. Y. 304.) The order appealed from is not proper as a matter of law and the first question submitted should be answered in the negative. (*Bannon* v. *Bannon,* 270 N. Y. 484.)

*Maurice F. Lane* for respondent. The order appealed from is proper as matter of law. (*Matter of Household Realty Corp.,* 158 Misc. Rep. 667.) Chapter 449 of the

Laws of 1935 establishing the Board of Review is unconstitutional and void. (*Household Realty Corp.* v. *Ferris*, 158 Misc. Rep. 667; *Matter of Wendell* v. *Lavin*, 246 N. Y. 115; *People* v. *Raymond*, 37 N.Y. 428; *People ex rel. Met. St. Ry. Co.* v. *Tax Commrs.*, 174 N. Y. 417; *People* v. *Pelham*, 215 N. Y. 374; *Matter of Morgan* v. *Furey*, 186 N. Y. 202; *Matter of Brenner*, 170 N. Y. 185; *Devoy* v. *City of New York*, 36 N. Y. 449.) Chapter 449 of the Laws of 1935 constitutes a delegation of administrative authority which is in violation of section 19 of article 6 of the New York Constitution. (*Matter of Richardson*, 247 N. Y. 401; *People ex rel. Washington* v. *Nichols*, 52 N. Y. 478; *Matter of Hathaway*, 71 N. Y. 238; *People ex rel. Welch* v. *Bard*, 209 N. Y. 304; *Matter of Davies*, 168 N. Y. 89; *People* v. *Hall*, 169 N. Y. 184; *Matter of Gilroy*, 11 App. Div. 65; *Citizens Sav. Bank* v. *Town of Greenburgh*, 173 N. Y. 215; *Matter of Wood*, 2 Cow. 29; *Case of Supervisors of Election*, 114 Mass. 247; *Board of Supervisors* v. *Todd*, 97 Md. 247.)

*Per Curiam.* We agree with the Appellate Division that the challenged statute (L. 1935, ch. 449) attempts to transfer to a board to be appointed by State officers essential functions theretofore belonging to the Assessors of the city of Syracuse and is, therefore, invalid. (N. Y. Const. art. X, § 2; *People* v. *Raymond*, 37 N. Y. 428; *People ex rel. Metropolitan St. Ry. Co.* v. *State Board of Tax Commissioners*, 174 N.Y. 417. See *Prescott* v. *Ferris*, 251 App. Div. 113.) We pass on no other issue.

The order should be affirmed, without costs, and the questions certified answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed, etc.