(April 14, 1909.)

STEPHEN UTTER, Plaintiff, v. DAVID H. MOSELEY, W. H. THOMPSON and A. P. BURNS, Composing the Board of County Commissioners for Ada County, Defendants.

[100 Pac. 1058.]

CONSTITUTIONAL AMENDMENTS—CONFLICT—ADOPTION.

1. Where a section of the constitution is amended at the same time by two different amendments and the amendments adopted are directly in conflict, and it is impossible to determine which should stand as a part of the constitution or to reconcile the same, then they must both fail.

2. If, however, one of such proposed amendments is not submitted in accordance with the provisions of the constitution and is not adopted or made a part of the constitution, and the other

amendment is regularly submitted in accordance with the provisions of the constitution and adopted, then there can be no conflict between two amendments, and the latter will not fail because of conflict.

3. The rule of law, that where two conflicting amendments are adopted at the same time, they both must fail, is based upon the assumption that both amendments are regularly submitted and adopted in accordance with the provisions of the constitution and are amendments to the constitution.

4. A question submitted as a constitutional amendment does not become a constitutional amendment unless submitted and adopted in accordance with the provisions of the constitution.

(Syllabus by the court.)

An original proceeding in this court for a writ of mandate.

Cavanah & Blake, for Plaintiff, cite no authorities.

D. C. McDougall, Attorney General, John F. MacLane, J. H. Peterson, and C. P. McCarthy, County Attorney, for Defendants.

A decision made by a court in the regular course of the consideration of a case is not to be regarded as *dictum* merely because the case might have been disposed of on a different ground, or because there is some other point in the case which disposes of the whole controversy. (*Florida R. R. Co. v. Schutte,* 103 U. S. 118, 26 L. ed. 327; *Kane v. McCown,* 55 Mo. 181; *Clark v. Thomas,* 51 Tenn. 419, 421.)

The legislature, subsequent to the decision in *McBee v. Brady,* 15 Ida. 761, 100 Pac. 97, passed Senate Joint Resolution No. 6, which proposed the resubmission to the people at the next general election of the question whether art. 18, sec. 6, of the constitution should be so amended as to authorize the assessors to employ clerical assistance. Thus it appears that the decision of this court in the McBee case has been acquiesced in and acted upon by the legislature, a co-ordinate department of the state government. This fact, we contend, invokes the application of the doctrine of *stare decisis.* (*Fisher v. Horicon Iron Mfg. Co.,* 10 Wis. 351.)

STEWART, J.—This is an original application addressed to this court praying for a writ of mandate to compel the board of county commissioners of Ada county to hear evidence to be offered by plaintiff for the purpose of determining the necessity for deputies and clerical assistance in the office of plaintiff, assessor and ex officio tax collector for said Ada county. An answer was filed by defendants and the facts are stipulated.

The question presented is: Was the amendment submitted to the electors of this state at the regular November election, 1908, under House Joint Resolution No. 10, and designated as the assessor amendment, adopted by the electors of the state and has the same become a part of the constitution of this state?

The state board of canvassers, upon canvassing the returns of election upon said amendment, declared said amendment carried, and the conclusion of such board is not called in question in this proceeding.

The contention of the defendant is that at the same election there was submitted to the electors a proposed amendment to the same section of the constitution under House Joint Resolution No. 3 and designated as the judicial amendment; and that the vote on such amendment was canvassed by the state board of canvassers and such amendment declared carried, that the judicial amendment above referred to is in conflict with and contradictory to the assessor amendment, and both amendments having been submitted and voted upon at the same time, it is impossible to determine which of said amendments was adopted by the electors of the state, and because of such conflict, under the rule announced by this court in the case of *McBee v. Brady,* 15 Ida. 761, 100 Pac. 97, both must fail. The judicial amendment submitted under House Joint Resolution No. 3 was under consideration in the case of *McBee v. Brady, supra,* and in discussing the conflict between the judicial amendment and the assessor amendment, this court said:

"It is next urged by counsel for defendant that sec. 6, art. 18, included as a part of said proposed amendment, is

in conflict with the same section and article covered by a proposed amendment thereto by joint resolution No. 10 passed by the legislature at the same session, and submitted and voted upon by the electors of the state at the same election and by them adopted. (Sess. Laws 1907, p. 585.)   Sec. 6 as amended by the amendment submitted by joint resolution 3 changed such section by omitting therefrom the words ''probate judge.''   The amendment submitted under joint resolution No. 10 amended said section by adding thereto the word ''assessor'' among the names of the officers who were empowered to appoint deputies and clerical assistants by the board of county commissioners.   Resolution No. 3 submitted sec. 6, amended by the omission of the words ''probate judge,'' as the amendment; while resolution No. 10 submitted sec. 6 with the words ''probate judge'' therein, and also the word ''assessor'' added as the amendment.   Thus the first amendment contains the section with the words ''probate judge'' out and the word ''assessor'' out, while the second amendment contains the section with the words ''probate judge'' in, and the word ''assessor'' in.   Both of these amendments were submitted and voted upon at the same election, and both adopted.   Thus, we have sec. 6, art. 18, amended by omitting the words ''probate judge'' therefrom, and no mention made of the office of assessor as an officer who should have deputy or clerical assistance; and also by retaining the words ''probate judge,'' and also inserting the word ''assessor'' as an officer who might be authorized to appoint deputies.

The conflict in the two amendments was one of the questions urged in that case why the judicial amendment submitted by House Joint Resolution No. 3 should fail; and it was in this connection that the court in that case discussed the question of conflict, and announced the rule:

''The provisions of the *section thus amended* are directly in conflict, and, taking the section as a whole *as the amended section,* it is impossible to determine which of *these two amended sections* should stand as a part of the constitution of this state. It is impossible to reconcile the two amendments, and under the rule announced by the supreme court of Nebraska in the case

of *In re Senate File 31,* 25 Neb. 864, 41 N. W.. 981, both must fail.''

The statement of law thus made, we again reaffirm; and where a section of the constitution is amended at the same time by two different amendments, and the amendments adopted are directly in conflict, and it is impossible to determine which should stand as a part of the constitution or to reconcile the same, then they must both fail. This principle of law, however, necessarily assumes that the conflict arises out of amendments regularly adopted and made a part of the constitution. It was upon this assumption that the court dealt with this question in the case of *McBee v. Brady,* *supra.* In that case, however, this court held that the judicial amendment was not submitted to a vote of the electors of the state in accordance with the provisions of the constitution, and by reason of such noncompliance with the provisions of the constitution, such proposed amendment was not adopted and did not become a part of the constitution of the state. The failure of the legislature to follow the requirements of the constitution, in submitting the proposed judicial amendment, denied to the electors. of the state an opportunity to express their will with reference to such proposed change; and the vote thereon was of no force or effect. The change was not a proposed amendment upon which the electors could vote and did not become an amendment by reason of their vote.

Under the constitution of this state certain necessary steps are provided for in order to submit a proposed amendment to the electors of the state for their approval or disapproval; and unless these steps are followed, as held in the case of *McBee. v. Brady, supra,* the vote of the electors of the state becomes of no consequence and cannot vitalize the question voted upon into an amendment to the constitution. Before, therefore, the amendment now under consideration and known as the assessor amendment should be held void and unconstitutional by reason of a conflict, it is necessary to find some amendment in which the conflict exists; and inasmuch as this court has held that the subject matter submitted under House

Joint Resolution No. 3 was not submitted in the manner required by the constitution, it did not become an amendment to the constitution, and if not an amendment to the constitution, it would not be an amendment which could or would conflict with the amendment known as the assessor's amendment, regularly submitted under House Joint Resolution No. 10 and conceded to have been adopted by the vote of the electors of this state.

To illustrate: Suppose the Secretary of State places upon the ballot what purports to be a proposed amendment to the constitution of the state, without such amendment having been adopted or submitted by the legislature; and at the same time the Secretary of State places upon the ballot a proposed amendment regularly adopted and submitted by the legislature in accordance with the provisions of the constitution; and both are adopted by the necessary vote of the electors of this state, and the provisions of the latter conflict with the former, it would seem to require no argument to show that the latter amendment should not be embarrassed or its constitutionality called in question by reason of the vote upon the former proposition. The voluntary acts of the Secretary of State in placing the proposition not submitted by the legislature upon the ballot could not give such proposition any force or vitality as a proposed amendment; and an affirmative vote thereon by the electors of the state would also fail to give such matter any force or vitality as an amendment to the constitution of the state. If one of the questions voted upon did not become an amendment, it could not be argued that it was an amendment which conflicted with an amendment regularly adopted; and the case would not fall under the rule announced by this court in the case of *McBee v. Brady, supra.*

If, therefore, two amendments are proposed to the same section of the constitution and are regularly submitted to the electors of the state at the same time, and the vote is in favor of both proposed amendments and they are directly in conflict, then both fail. If, however, one of such proposed amendments is not submitted in accordance with the provi-

sions of the constitution and is not adopted or made a part of the constitution, and the other amendment is regularly proposed in accordance with the provisions of the constitution, then there can be no conflict between two different amendments, within the rule announced in the case of *McBee v. Brady, supra,* for the reason that the former does not become an amendment, while the latter does.

Applying this rule, then, to the case under consideration and it being conceded that the amendment proposed by House Joint Resolution No. 10, known as the assessor amendment, was regularly submitted and adopted by the electors of the state in accordance with the provisions of the constitution, such amendment thereby became a part of the constitution of this state, and can in no way be affected or controlled by the provisions of the proposed amendment covered by House Joint Resolution No. 3 known as the judicial amendment.

From what has been said it therefore follows that the writ of mandate must issue as prayed for. No costs awarded.

Sullivan, C. J., and Ailshie, J., concur.