## Johns v. Town of Sheridan.

[No. 6,559. Filed November 23, 1909.]

1. Municipal Corporations.—*Sewers.*—*Construction.*—*Liability of Town.*—Under §4443o Burns 1901, Acts 1901, p. 401, §15, providing that towns shall be liable for the construction of a sewer only where the assessed benefits shall not equal the cost of the sewer, "and then only for the deficiency and for such amount as the said board of trustees shall determine to pay out of the general fund," a town which has provided for the payment of $500 on a sewer ordered to be constructed is not liable for extra work occasioned by mistakes in the plans and by changes from the plans prescribed, there being no provision made for extra pay. *Adams v. City of Shelbyville,* 154 Ind. 467, distinguished. p. 622.

2. Statutes.—*Reënactment.*—*Construction.*—A statute which is substantially a reënactment of a former one which was judicially construed, is impressed with such construction. p. 624.

3. Statutes.—*Legislative Purpose.*—Courts should so construe laws as to give effect to the legislative purpose, where the act is valid. p. 624.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by James B. Johns against the Town of Sheridan. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Kane & Kane, Samuel Ralston* and *Gifford & Gifford,* for appellant.

*Albert C. Pearson* and *Ralph E. Pearson,* for appellee.

Hadley, J.—This is an action brought by appellant against appellee, an incorporated town, to recover for extra work performed and materials furnished in the construction of a sewer in said town. The sewer was constructed under the act of the General Assembly, providing for the construction and maintenance of sewers in incorporated towns, approved March 11, 1901 (Acts 1901, p. 401, §4443a *et seq.* Burns 1901).

The complaint avers the proper preliminary steps for the construction of the sewer under said act; that there was a

mistake in the plans and specifications, whereby, in certain portions of said work, the excavation was required to be made deeper than specified to avoid ridges or "hog backs" therein, and to render said sewer efficient for the purpose intended; that, by the specifications, a certain portion of the outlet of said drain was to be an open ditch; that afterwards the board, in regular session, determined that said ditch should be tiled, the town furnishing the tile and appellant placing and covering the same with dirt; that the town board decided that there should be a catch-basin made of cement at the outlet of said sewer, and that cement abutments should be constructed at said catch-basin; that the changes in grade were made at the instigation of the civil engineer.

The complaint further avers that, at the time of the adoption of the engineer's report, the board also determined that $500 of the cost of said sewer should be paid out of the general fund of said town; that appellant fully completed the sewer according to the plans and specifications, and according to the changes indicated, to the acceptance of the board; that the board allowed and tendered him $75 for said extra work, which was not accepted; that all lots benefited were assessed to the full amount of such benefits; that the benefits so assessed to pay for the cost of said sewer, less $500 to be paid out of the town treasury, equaled the original contract price, together with incidental expenses of construction; that the claim for said extra work and material has not been paid.

To this complaint a demurrer for want of facts was presented and sustained, and judgment entered against appellant and in favor of appellee. The question presented by appellant is whether said town is liable for said extra work and labor. In determining this question, it is necessary for us to construe the statute under which said board acted. Section one of said act (§4443a, supra) authorizes incorporated towns to construct sewers and sewer systems within the corporate limits of said town, and charge the expense thereof

upon the property benefited thereby, to which is added the proviso that any such town may, in its discretion, pay the whole or any part of the cost of such sewer out of the general fund of such town. Section two (§4443b, *supra*) provides for the passage of a resolution at a regular meeting of said board, declaratory of the desire to construct such sewer, and giving a general description of the work intended. Other sections provide for the appointment of an engineer to make the survey and estimate the cost, also to report a description of lands and lots benefited and damaged, and the amount of benefits and damages, and, upon filing this report, notice of hearing on the report, and upon the hearing and adoption of the same, the determination of the board of the amount that the town will pay out of the general fund, giving of notice of letting of contract and the manner of letting, completion, acceptance, assessment of benefits and payment for the work and repeal of all laws within the purview of the act.

The provisions of the act directly involved in this case are found in sections five, nine and fifteen (§4443e, 4443i, 4443o Burns 1901). The provisions of said sections are as follows: Section 4443e. "Said board of trustees shall thereupon [after hearing of engineer's report] by resolution or ordinance in writing passed and adopted by at least a two-thirds vote of said board determine the public utility of the proposed work and adopt said report." Section 4443i. "The board of trustees at the time they adopt said report of the engineer shall determine what part if any of the cost of the proposed work shall be paid out of the general fund of the town." Section 4443o. "The said towns shall not be liable on account of the construction of said work or on said bonds, unless the total amount of assessed benefits shall not equal the amount of the cost of such work and then only for the deficiency and *for such amount as the said board of trustees shall determine to pay out of the general fund as above provided.*" (Our italics.)

There are other provisions in said act not referred to, that have no pertinency to the questions involved in this case. It is evident, from the clause of said act last quoted, that it was the legislative purpose to limit the liability of the town to a definite and fixed amount, which amount should be determined by said board at the time of the adoption of the engineer's report, and prior to the letting of the contract. It is averred in the complaint that the board of trustees had fixed this amount at $500 at the time designated in the statute. This was before the contract was to be let. The bidder knew then that the maximum amount that could be paid on the sewer was the amount of the benefits to the lots affected plus the amount appropriated by the board out of the general treasury. Whether the board might have made an additional contract for additions to the work under their general powers is unnecessary for us to determine, since it is apparent from the averments that the board did not do this. There was no affirmative action on the part of the board, and the prescribed forms for the letting of such contract were not followed. No amount was fixed. In fact there is nothing to indicate that the board expected to pay any additional sum for the changes made. The contractor had ample means of protecting himself. All he had to do was to complete his contract according to the specifications, or have a definite contract in due form of law. He knew of the limitations of the board and the liability of the town. He chose to take his chances in the face of the plain provisions of the statute. Appellant is in the same position as was appellant in *Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417, and the reasoning in that case and the principles announced are especially applicable to this case.

The case of *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484, upon which appellant apparently relies, is essentially different from this case. Section three of the statute under discussion in the case just

cited (§4290 Burns 1894, Acts 1889, p. 237) contained the provision that "The city or incorporated town shall be liable to the contractor for the contract price of said improvement." In discussing this provision which is made the basis of the holding in that case, the court, at page 492, say: "When a city or town enters into a contract, under the scheme of requiring the abutters to contribute to the cost to the extent of their special benefits, the corporation is bound to know that if it shall be found, upon the hearing provided in section seven, that the accruing special benefits are inadequate to pay the expenses of the improvement, the deficit must be provided for from the general revenues of the city or town. * * * The insistence, therefore, that the law contains no mandate that the common council or board of trustees shall, in any event, pay any part of the expenses of such improvements, from the general revenues, cannot be sustained."

There is no such general liability declared in the statute before us. On the contrary, the liability is specifically limited, not alone to the deficit but to the amount determined, under §4443i, *supra,* at the time of the adoption of the engineer's report and prior to the letting of the contract. As indicative that this was intentional and not an inconsiderate limitation, *Adams* v. *City of Shelbyville, supra,* was decided February 27, 1900, and the next General Assembly passed the act here under consideration. It will be presumed that the legislature took cognizance of the existing law as interpreted by the court of last resort. This limitation of liability was the only material change, except a simplification of procedure made by the passage of said act. Courts should give full effect to the legislative will when it can be ascertained and when it is not in conflict with the organic law, and they should not abridge a legislative purpose or strip it of its power in hard cases. Enactments, like the one under discussion, are the only barriers for the protection of the taxpayers

from the rapacity of unscrupulous contractors and weak or incompetent officers. And, in the nature of things, the honest man with an honest claim must fall before that barrier along with the dishonest man with a dishonest claim.

The complaint did not show liability on the part of the appellee to pay for said extra work and material. The demurrer was therefore properly sustained.

Judgment affirmed.