BEVERLY MANDEL, Plaintiff, *v.* BROOKLYN NATIONAL LEAGUE BASE-BALL CLUB, INC., Defendant.*

Supreme Court, Special Term, Bronx County, August 25, 1942.

*Oscar Levine* for plaintiff.

*Willkie, Owen, Otis, Farr & Gallagher* (*Lewis F. Carroll* and *Mark F. Hughes* of counsel), for defendant.

COHALAN, J. The plaintiff is a ticket speculator operating for some months in the borough of the Bronx. The defendant owns a baseball team in the borough of Brooklyn. Admission to the games is by ticket. These contain on their face the statement: "Management reserves the right to revoke license granted by this ticket by refunding purchase price." Plaintiff claims that these tickets give her a contract right to obtain access to the ball games for any of her customers. Our law governing ticket speculators requires that when they sell a ticket they stamp their name and the sale price on the back of the ticket. The defendant has refused admission to persons presenting such tickets. Advance notice of its intention to so act has been given to the general public and to the speculators through various advertising media. It is fair to assume that

* See, also, *Levine* v. *Brooklyn Nat. League Baseball Club* (179 Misc. Rep. 22).

even if plaintiff's customers did not know the defendant's attitude the plaintiff did know it, and that plaintiff realized she was selling tickets that might not be honored. Under these circumstances, and alleging that a continuation of this practice by the defendant would do irreparable harm, plaintiff sues for a permanent injunction and now asks for a temporary injunction directing the defendant to honor such tickets.

The defendant claims that its team is so successful that frequently more persons wish to attend a game than can be accommodated. It argues that on such occasions if the general public finds tickets in the hands of speculators it will conclude that defendant prefers to deal with speculators and that as a result the good will of the defendant's enterprise will be seriously injured.

It appears that an application similar in nature was made to this court in Brooklyn and was denied by Mr. Justice KLEINFELD in a well-considered opinion (*Levine* v. *Brooklyn National League Baseball Club, Inc., ante,* p. 22). The reasoning of that opinion and the conclusion reached have not been weakened by any argument made here. The plaintiff, in addition to the points therein considered, argues that section 40-b of the Civil Rights Law necessitates the granting of this motion. Section 40-b provides, in part: "No person * * * being the owner * * * of any place of public entertainment and amusement *as hereinafter defined* shall refuse to admit to any public performance * * * any person * * * who presents a ticket of admission to the performance a reasonable time before the commencement thereof * * * whether or not accompanied by an offer to refund the purchase price or value of the ticket of admission presented by such person. * * * *The places of public entertainment and amusement within the meaning of this section shall be legitimate theatres, burlesque theatres, music halls, opera houses, concert halls and circuses.*" (Italics supplied.)

It is apparent from the reading of this section that the law as to the construction of a statute permitting a court to supply words "*ejusdem generis*" does not apply, and that consequently a baseball ground cannot be held to be a place of amusement or entertainment contemplated by this section. This conclusion is strengthened by the fact that section 40, dealing with "Equal rights in places of public accommodation, resort or amusement" lists in great detail the places to which it applies. Section 40 was passed originally in 1895 (chapter 1042 of the Laws of 1895) and was frequently amended, and it must be presumed

the Legislature in 1941 had its provisions in mind and deliberately confined section 40-b to the places therein enumerated.

The relief of temporary injunction should be granted only when the person applying has no adequate remedy at law and presents a meritorious complaint disclosing that irreparable harm will result if the remedy is not applied. The papers here and the testimony taken do not show any such situation.

Motion for a temporary injunction in all respects denied.