(No. 7166. December 15, 1944.)

IDAHO MUTUAL BENEFIT ASSOCIATION, INC., Appellant, v. W. L. ROBISON, G. W. SUPPIGER and B. W. OPPENHEIM, constituting and being the Industrial Accident Board of the State of Idaho, Respondents.

(154 P. (2d) 156.)

Z. Reed Millar for appellant.

Bert H. Miller, Attorney General, and Thomas Y. Gwil-liam, Assistant Attorney General, for respondents.

GIVENS, J.—The Industrial Accident Board had apparently indicated it would require appellant to pay unemployment compensation premiums on certain of its agents. Appellant, not being acquiescent, instituted the present suit under the declaratory judgment law asking the court to construe the unemployment compensation statute (Chap. 12, Third Extraordinary Session of 1935, as amended by Chapters 9, 183, 187, and 188 of the 1937 Sess. Laws; Chaps. 202, 203, and 239, 1939 Sess. Laws; Chaps. 65, 175, and 182, 1941 Sess. Laws; Chaps. 29, 68, 92, 1943 Sess. Laws) and attacking the same. A demurrer was interposed and sustained, hence the appeal, in which appellant makes these principal contentions: that the law is unconstitutional because it constitutes the board both investigator and trier of the facts without, in the first instance, a hearing where the employer is present before the examiner; that a direct appeal does not lie from orders of the Industrial Accident Board covering questions under the unemployment compensation law; that the penalties provided by the act are so severe as to render the statute unconstitutional; that the agents are not employees within the scope of the statute; that plaintiff is not engaged in any business or profession within the unemployment compensation law. Other questions were raised which by reason of the disposition of this case need not be considered herein.

Respondent took the position the court did not have jurisdiction under the declaratory judgment statute to entertain the controversy but entire jurisdiction was wholly in the Industrial Accident Board.

The declaratory judgment statute[1] is broad and

---

[1] Chapter 70, 1933 Session Laws, page 113.

"Sec. 1. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or

comprehensive. Conceding the Industrial Accident Board may determine its jurisdiction and attendant questions antecedent to enforcing the unemployment compensation law, as to the matters determined herein such right is not exclusive. (*Inland Empire Rural Elec. v. Dept. of Pub. Service,* 199 Wash. 527, 92 P. (2d) 258; *Union Pac. R. Co. v. Bean,* 167 Ore. 535, 119 P. (2d) 575.) There is nothing to indicate the power to construe statutes granted in chap. 70, supra, did not and was not intended by the legislature to include the unemployment compensation statute as well as all others. Its interpretation and applicatory scope as outlined by this court are sufficiently broad to encompass this controversy (*Sweeney v. American National Bank,* 62 Ida. 544, 115 P. (2d) 109), and the district court did have jurisdiction to entertain the suit and determine the meaning and scope of the statute to the extent herein indicated.

The constitutional amendment authorizing direct appeal from orders of the Industrial Accident Board to the supreme court was proposed by the legislature, House Joint Resolution No. 1, February 16, 1935, 1935 Sess. Laws, p. 377; before it was ratified the social security or unemployment compensation statute had been passed by the legislature, August 6, 1936, Chap. 12, Third Ex. Sess. of 1935, p. 20. Thereafter the amendment was submitted by the secretary of state, October 3, 1936, and ratified by the people November 6, 1936. Therefore, at the time of the ratification and approval by the people of the constitutional amendment

---

proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

"Sec. 2. Any person interested under a deed, will, written contract or other writings constituting a contract or any oral contract, or whose rights, status or other legal relations are affected by statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

\* \* \* \* \* \*

"Sec. 12. This Act is declared to be remedial; its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered."

the Industrial Accident Board had by the legislature been given the duty of administering the unemployment compensation statute (Ch. 12, 3d Ex. Sess. 1935, sec. 10, p. 37), expressly providing that the procedure generally applied in workmen's compensation cases, i. e., industrial accidents, should be applicable to the functions of the board in connection with the unemployment compensation statute (Ch. 12, 3d Ex. Sess. 1935, sec. 6, p. 27) and authorizing appeals from the board as in industrial accident cases (Ch. 12, 3d Ex. Sess. 1935, sec. 6, p. 27; 1941 S. L., Ch. 182, sec. 6(g), p. 405.)

■ The people, not the legislature, amend the constitution. (Art. 20, sec. 1.) True, in the absence of a constitutional convention, the proposal must be initiated by the legislature, but the amendment becomes effective when ratified by the people and not otherwise. (*McBee v. Brady,* 15 Ida. 761, 100 P. 97; *Utter v. Moseley,* 16 Ida. 274, 100 P. 1058; *Johnston v. Wolf,* 208 Cal. 286, 280 P. 980; *Andrews v. Reidy,* (Cal.) 54 P. (2d) 30; *State v. Duncan,* 108 Mont. 141, 88 P. (2d) 73; *Porter v. First Nat. Bank of Panama City,* 96 Fla. 740, 119 So. 130; *Matheny v. Independence County,* 169 Ark. 925, 277 S. W. 22.)

■ The legislature in passing a *statute* is presumed to have in mind the law that exists at the time the legislature enacts the statute. (*State v. Fite,* 29 Ida. 463, at 469, 159 P. 1183; *Phipps v. Boise St. Car Co.,* 61 Ida. 740, 107 P. (2d) 148; *Morrison v. Cottonwood Development Co.,* 38 Wyo. 190, 266 P. 117; *Sandahl v. Dept. of Labor & Industries,* 170 Wash. 380, 16 P. (2d) 623; *State v. State Highway Comm.,* 38 N. M. 482, 35 P. (2d) 308; *People v. Bucchierre,* 57 Cal. App. 153, 134 P. (2d) 505; *McLeod v. Santa Fe Trail Transp. Co.,* 205 Ark. 225, 168 S. W. (2d) 413; *Nebraska Central Bldg. & Loan Ass'n. v. Yellowstone, Inc.,* 141 Neb. 679, 4 N. W. (2d) 762; *Mandel v. Brooklyn Nat. League Baseball Club,* 179 Misc. 27, 37 N. Y. S. (2d) 152; *State v. Keedy,* 124 W. Va. 408, 20 S. E. (2d) 468; *Johns v. Town of Sheridan,* 44 Ind. App. 620, 89 N. E. 899; *Steiert v. Coulter,* 54 Ind. App. 643, 102 N. E. 113; *Ascher & Baxter v. Edward Moyse & Co.,* 101 Miss. 36, 57 So. 299; *McKenzie v. Missouri Stables,* (Mo.) 34 S. W. (2d) 136; *Gully v. Harrison County,* 173 Miss. 402, 162 So. 166; *The Penza.* 9 F. (2d) 527; *Baker v. White,* 251 Ky. 691, 65 S. W. (2d) 1022; *T. M. Crutcher Dental Depot v. Miller,* 251 Ky. 201, 64 S. W. (2d) 466; 59 C. J. 1038, sec. 616.)

 The general rules of statutory construction apply to the amendment of a constitution. (*Fletcher v. Gifford*, 20 Ida. 18, at 26, 115 P. 824; *Phipps v. Boise Street Car Co.*, supra; *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981; *People v. Denault*, 81 Cal. App. 1, 253 P. 151; *Badger v. Hoidale*, 88 F. (2d) 208, 109 A. L. R. 798; *Shepherd v. City of Little Rock*, 183 Ark. 244, 35 S. W. (2d) 361; *State v. Stewart*, 57 Mont. 397, 188 P. 904; *Wendell v. Lavin*, 246 N. Y. 115, 158 N. E. 42; *Wingate v. Flynn*, 139 Misc. Rep. 779, 249 N. Y. S. 351; *Hodges v. Dawdy*, 104 Ark. 583, 149 S. W. 656; *State v. Imel*, 242 Mo. 293, 146 S. W. 783; *Leach v. Auwell*, 154 App. Div. 170, 138 N. Y. S. 975; *Hoffman v. W. H. Worden Co.*, 2 F. Supp. 353; *State v. Leslie*, 100 Mont. 449, 50 P. (2d) 959; 12 C. J. 699, sec. 42.)

 Since the people are the ones who give life to a constitutional amendment, the state of the law at the time they vote upon the proposed constitutional amendment is that which is controlling and must be considered as that which the people had in mind; therefore, when the people voted upon the amendment they perforce intended that direct appeals should be from the board concerning all matters of which the board had jurisdiction, and indeed there is no reason to think they did not intend such direct appeal to apply to any prospective duties though not then in contemplation, as well as prior, otherwise, every time additional jurisdiction is given to any body, board, or court from which a direct appeal lies to this court, there would have to be an additional constitutional amendment.

Since the amendment was all inclusive, it would seem reasonable to conclude the amendment was thought sufficient to encompass appeals from the board to this court in both industrial accident cases and unemployment compensation matters and was so understood and prospectively intended by the legislature and presently the people. There is as much reason and necessity for short-cutting appeals in the one as the other.

 Furthermore, no possible advantage or reason can be advanced why there should be direct appeals from the board in regard to workmen's compensation and not with regard to unemployment compensation or occupational diseases, which latter statute (1939 S. L., Ch. 161, p. 286) was passed after the amendment. Constitutional provisions must be read in the light of the law existing at the time of

the adoption of the constitution (amendment.) *Christensen v. Hollingsworth,* 6 Ida. 87, at 93, 53 P. 211. It has been universally held by this court prior to the constitutional amendment that upon such appeals the district court and this court are bound by the findings of fact made by the board. (*McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 P. 1068, 67 A. L. R. 797; *Kaylor v. Callahan Zinc-Lead Co.,* 43 Ida. 477, 253 P. 132; *Butler v. Anaconda Copper Min. Co.,* 46 Ida. 326, 268 P. 6; *Burchett v. Anaconda Copper Min. Co.,* 48 Ida. 524, 283 P. 515; *Delich v. Lafferty Shingle Mill Co.,* 49 Ida. 552, 290 P. 204; *Vaughn v. Robertson & Thomas,* 54 Ida. 138, 29 P. (2d) 756; *Fields v. Buffalo-Idaho Min. Co., Inc.,* 55 Ida. 212, 40 P. (2d) 114; *Bybee v. Idaho Equity Exchange,* 57 Ida. 396, 65 P. (2d) 730; *Bower v. Smith,* 63 Ida. 128, 118 P. (2d) 737; *Stroscheim v. Shay,* 63 Ida. 360, 120 P. (2d) 267; *In re Cain,* 64 Ida. 389, 133 P. (2d) 723; *Jensen v. Bohemian Breweries,* 64 Ida. 679, 135 P. (2d) 442.) The same provision is in the unemployment statute. (Ch. 182, 1941 S. L., sec. 6 (g), p. 405.) The supreme court then is as much bound by the proviso in one appeal as the other. There would be no trial de novo in the district court, the witnesses would not be called, and there would be no reexamination of the facts except to determine whether there are facts sufficient to uphold the order. (*Brady v. Place,* 41 Ida. 747, 242 P. 314.) Double appeals would double expense, and many times this would be an onerous burden without any benefit to any one, and no doubt actuated the amendment. No jurisdiction was taken from the courts in placing the administration of the unemployment compensation law in the Industrial Accident Board because this is purely a statutory proceeding and right and did not exist at common law. (*Shields v. Johnson,* 10 Ida. 476, at 482, 79 P. 391; *People v. Burnham,* 35 Ida. 522, 207 P. 589; *Morton v. Morton Realty Co.,* 41 Ida. 729, 241 P. 1014; *Brady v. Place,* supra, at 751.

It is further urged the statute denies due process of law in this, that the board having administrative charge of the unemployment compensation statute would be determining status and imposing and exacting these charges, in the first instance, through the board's employees, and in passing upon their legality would be functioning as prosecutor, jury, and judge; that it is one of the concomitant and essential elements of due process that a person's cause be heard before an impartial tribunal, which the board would

not be. The point assertedly is emphasized by the other provision of the constitutional amendment specifying that upon such appeals the board's findings as to questions of fact are binding upon the courts. Reliance is had upon *Abrams v. Jones,* 35 Ida. 532, 207 P. 724. In the first place, however, the court there decided that the statute contained no provision authorizing the department of law enforcement to revoke licenses issued prior to the passage and approval of the act. The licenses therein considered had been issued prior to the passage of the statute, and the vital holding was "that respondent's license is not subject to revocation by the department of law enforcement, upon the grounds and in the manner provided in the present dental law, the license having been issued prior to the passage and approval of said law." The court continued: "We will, nevertheless, proceed to discuss the second question presented," that is, as to whether or not the procedure before the board was due process on the ground stated herein. It would seem clear therefore that this discussion was in the nature of dictum because the court itself said, "we do not decide whether a procedure might be had under the law which would safeguard and protect the rights of the accused." It was evidently considered that *Abrams v. Jones* was not authority for holding that due process was not afforded, in view of the point involved, by proceedings before the Industrial Accident Board. Such procedure was an admonition requiring adherence to constitutional safeguards being inferentially approved. (*Cook v. Massey,* 38 Ida. 264, at 277, 220 P. 1088, 35 A. L. R. 200, on reargument.

Courts have quite uniformly considered hearings before a board, as the Industrial Accident Board herein, which has no personal interest in the controversy though its employees have made investigations and orders, are not a denial of due process. (*City of Pocatello v. Murray,* 21 Ida. 180, at 204-5, 120 P. 812; *In re Edwards,* 45 Ida. 676, 266 P. 665.) The board is not in the true sense of the word an adversary. (*Berry v. Alderson,* 59 Cal. App. 729, 211 P. 836; *Winning v. Board of Dental Examiners,* 114 Cal. App. 658, 300 P. 866; *Employees of Utah Fuel Co. v. Industrial Commission,* 99 Utah 88, 104 P. (2d) 197.) Similar provisions with regard to the finality of administrative fact finding exist in other statutes and have been held no denial of due process. (*Public Utility Commission,* secs. 59-502, 59-612, 59-629, I. C. A., 51 C. J. 60, 61, secs. 111, 112, and

sec. 138 at p. 76; workmen's compensation statutes, 43-1404, 43-1406-9, I. C. A., 71 C. J. 1372, sec. 1331; Federal Trade Commission, 15 U. S. C. A. 334, sec. 45(c); National Labor Relation Board, 29 U. S. C. A. 239, sec. 160(f); *Precision Castings Co. v. Boland*, 13 F. Supp. 877, 85 F. (2d) 15.)

While the district court had jurisdiction to declare whether an appeal would lie directly from the board to this court and to pass upon certain constitutional questions, it did not have jurisdiction to determine whether or not appellant or its agents were within the scope of the act, since they involve fact finding. In other words we hold that the district court had jurisdiction to construe the law and pass upon its constitutionality, but that it had no jurisdiction to investigate the facts, to make findings thereon or to determine the weight of the evidence or credibility of witnesses. (*Abelleira v. District Court*, 17 Cal. (2d) 295, 109 P. (2d) 942, 132 A. L. R. 715; *In re Persons Employed at St. Paul & Tacoma Lumber Co.*, 7 Wash. (2d) 580, 110 P. (2d) 877; *Knestis v. Unemployment Compensation and Placement Division*, 16 Wash. (2d) 577, 134 P. (2d) 76; *In re Morton*, 284 N. Y. 167, 30 N. E. (2d) 369; *South v. Railroad Retirement Board*, 43 F. Supp. 911; *Johnson v. Pratt*, 200 S. C. 315, 20 S. E. (2d) 865; *Craig v. Kansas State Labor Commissioner*, 154 Kan. 691, 121 P. (2d) 203.) These were questions to be determined by the Industrial Accident Board in the first instance reviewable on appeal. We will therefore not determine these phases of the controversy but leave them for the appropriate tribunal and consequent attendant procedure.

No penalties have yet been imposed, hence the question of whether or not such excessive penalties are authorized as to render the statute unconstitutional is not properly before us.

Appellant contends that sec. 7-5[2], as amended by sec. 6 of ch. 182 of the 1941 S. L., p. 405, is unconstitu-

---

[2]"(a) The term 'covered employer' where used in this Act shall, for the purpose of this Act, mean an employer as defined in Sec. 7-6 of this Act, who in any calendar quarter paid or became liable to pay for services rendered to him in covered employment occurring on or after January 1, 1939, wages amounting to $78.00 or more. Determination with respect to whether an employer is a covered em-

tional. While the authorities are not unanimous, we believe the better rule is to the effect that in connection with hearings before administrative boards of this kind unless an appeal is provided therefrom to a court, even though the scope of review be limited, due process is not satisfied. (*Zachos v. Huiet*, 195 Ga. 780, 25 S. E. (2d) 806; *Precision Castings Co. v. Boland*, supra; *Warren v. Indiana Tele-Phone Co.*, 217 Ind. 93, 26 N. E. (2d) 399; *Miller v. Price*, 282 Ky. 611, 139 S. W. (2d) 450; *Union Indemnity Co. v. Saling*, 166 Okla. 133, 26 P. (2d) 217.) The requirement that any appellant by appeal submit to the jurisdiction of a board in an appeal wherein he might be questioning jurisdiction is violative of this principle. This portion of the act ("The filing of an appeal under this section by any person shall constitute a submission by such person to the jurisdiction of the Board and") is therefore unconstitutional and cannot be sustained. In view of the legislative declaration and also because it does not in and of itself appear to be an integral or indispensable part of the act it may be stricken therefrom without affecting the balance of the act.

The other claimed constitutional defects bearing on the passing of the statute and its lack of clarity are without merit. (*State v. Taylor*, 58 Ida. 656, 78 P. (2d) 125; *Idaho Gold Dredging Co. v. Balderston*, 58 Ida. 692, 78 P. (2d) 105; *Fisher v. Masters*, 59 Ida. 366, 83 P. (2d) 212; *Ada*

---

ployer and whether services performed for or in connection with the business of an employer constitutes covered employment shall be made by authorized representatives of the Board. Any person aggrieved by such a determination may file with the Board an appeal from such determination. Such an appeal shall be heard and decided by the Board consistent with the provisions of this Act with the procedure for handling disputed claims for compensation under the Workmen's Compensation Law and review of the decision of the Board may be had in the Supreme Court in accordance with the procedure set forth in section 6, subsection (g), of this Act. The filing of an appeal under this section by any person shall constitute a submission of such person to the jurisdiction of the Board and whenever a certified copy of a final decision of the Board or of the Supreme Court under the appeal procedure herein set forth shall be filed in any court, the matters determined in such decision shall be deemed to be conclusively established, as to the rights of the parties to such appeal, in the court wherein such certified copy is filed."

*County v. Wright,* 60 Ida. 394, 92 P. (2d) 134; *State v. Headrick,* 65 Ida. 148, 139 P. (2d) 761.)

The judgment of the trial court therefore, insofar as the sustaining of the demurrer was based on the conclusion that it did not have jurisdiction to entertain the action for declaratory judgment is reversed. Insofar as the demurrer was sustained on the ground that it did not have jurisdiction of the determination of the factual question involved, namely, whether or not the appellant's agents were employee's within the contemplation of the statute is sustained, and this feature of the case with all attendant questions as indicated above is to be determined by the Industrial Accident Board, with right of appeal by any party deeming himself adversely affected thereby.

Holden, C. J., and Ailshie, J., concur.

BUDGE, J., Dissenting.—This action was instituted by appellant under the Declaratory Judgment Law (1933 Sess. Laws, Chap. 70) in which it was sought to have the district court determine, adjudge and declare the rights, status and duties of appellant under the Unemployment Compensation Law (Third Ex. Sess. Laws 1936, chap. 12, as amended by Sess. Laws 1937, chaps. 9, 183, 187 and 188; Sess. Laws 1939, chaps. 202 and 239; Sess. Laws 1941, chaps. 65, 175 and 182; Sess. Laws 1943, chaps. 29, 68 and 92) and particularly as it affects said Association with respect to the payment of unemployment compensation taxes upon its insurance agents.

In appellant's amended complaint it is alleged, inter alia:

"That the plaintiff is now and at all times hereinafter mentioned a corporation duly organized and existing under the laws of the State of Idaho, to-wit: Chap. 110 of the 1933 Session Laws of Idaho and Chap. 114 of the 1941 Session Laws of Idaho, with its principal place at Boise, Idaho.

"That defendants W. L. Robinson, G. W. Suppiger and B. W. Oppenheim are the duly appointed, qualified and acting members of, and now constitute the Industrial Accident Board of the State of Idaho; and as such the said defendants are charged with the administration of the Unemployment Compensation Law of Idaho (Chap. 12, 3rd Ex.

Sess. Laws of 1935, as amended; Chap. 182, 1941 Sess. Laws) through the medium of the Unemployment Compensation Division of the Industrial Accident Board.

"The defendants, acting by and through the said Unemployment Compensation Division of the Industrial Accident Board, have heretofore notified this plaintiff of their intention to apply to this plaintiff the contribution provisions of said Unemployment Compensation Law, in retrospect to January 1st, 1936, as respects the earnings of agents of the plaintiff compensated on a commission basis in connection with sales of policies of insurance written by such agents on behalf of plaintiff.

"The plaintiff is a non-profit, mutual benefit association with limited powers, holding its funds, accumulations, investments, securities and properties in trust for its members, as provided in Sec. 4, Chap. 114, 1941 Sess. Laws of Idaho, and is in doubt as to its lawful authority to comply with the demand of the defendants heretofore made, in pursuance of the notice as set forth in paragraph III, supra, for payment of unemployment compensation benefit contributions * * *.

"The rights, status, legal relations and duties of the plaintiff under the said act (Unemployment Compensation Law) are in doubt, and uncertain; the plaintiff is, and since the enactment of said Unemployment Compensation Law has been advised that it is not within the scope of said act, and is under no legal obligation to pay the said contributions; the defendants have, upon ex parte investigation and ruling, held the said act applicable to agents of this plaintiff paid on a commission basis as aforesaid, and now proposes to enforce the said act against this plaintiff. This plaintiff has declined to pay the said contributions, upon the grounds hereinafter set forth; and by reason of its nature as a non-profit benefit association operating upon a contribution basis the plaintiff will be irreparably damaged by enforcement of said act against it.

"The said Unemployment Compensation Act does not apply to said plaintiff association nor to the agents of this plaintiff, and is unlawful, invalid and inapplicable to this plaintiff for the following reasons: "

Thereafter there is set forth in the complaint numerous reasons why the act is unlawful, invalid and inapplicable to appellant, and furthermore, the constitutionality of the

act is attacked upon numerous grounds. It is not necessary to set out all the various allegations of the complaint attacking the constitutionality and validity of the act and its applicability to appellant, for the reason that if I am correct in the conclusion I have reached all questions sought to be raised and to have adjudicated, other than that of jurisdiction, would be determined by the trial·court in the first instance, and reviewed by this court on appeal in the event that either party should be dissatisfied with the judgment of the trial court.

The pertinent question here is whether or not the district court had jurisdiction to determine the controversy between the respective parties under the Declaratory Judgment Law, or whether the jurisdiction rested solely and exclusively with the Industrial Accident Board sitting as administrator of the Unemployment Compensation Law with authority to administer said law, and orders made by said board when so acting are subject to review by direct appeal to this court, and not otherwise.

The original Unemployment Compensation Law (Third Ex. Sess. Laws 1936, chap. 12, sec. 6) provides, inter alia:

"Any person aggrieved by the determination of the board shall have the right of appeal *to the district court* of the county in this state in which the dispute arose, and any person aggrieved by the decision of the district court, in cluding the board, shall have the right of appeal to the supreme court of this state."

It is provided in sec. 5, subsec. (g) chap. 182, 1941 Sess. Laws, amending sec. 6, chap. 12, Third Ex. Sess. Laws, 1936, that in unemployment compensation cases:

"A decision of the Board, in the absence of fraud, shall be final and conclusive unless within thirty days after a copy of the decision has been served on the parties, either party appeals to the Supreme Court. *In such appeals the jurisdiction of the Court shall be limited to a review of questions of law.* * * *" (Italics mine.)

In other words, the original act provided for an appeal to the district court from all orders of the Industrial Accident Board sitting as administrator of the Unemployment Compensation Law, while, by the 1941 amendment, the legislature sought to provide an appeal directly from the orders of the board to the supreme court as upon appeals from awards in industrial accident cases, and limited the juris-

808

diction of the supreme court to a review of questions of
law only.

Sec. 20, art. 5 of the constitution provides:

"The district court shall have original jurisdiction in
all cases, both at law and in equity, and such appellate jur-
isdiction as may be conferred by law."

Sec. 13, art. 5 of the constitution is as follows:

"The legislature shall have no power to deprive the ju-
dicial department of any power or jurisdiction which
rightly pertains to it as a coordinate department of the gov-
ernment; but the legislature shall provide a proper system
of appeals, and regulate by law, when necessary, the me-
thods of proceeding in the exercise of their powers of all
court below the supreme court, so far as the same may be
done without conflict with this constitution."

In *Fox v. Flynn*, 27 Ida. 580, 150 P. 44, art. 5, sec. 13,
supra, was held to be a restriction upon the power of the
legislature to limit the jurisdiction conferred by the con-
stitution on the judicial department of the state, holding
that the legislature had no power to prescribe the jurisdic-
tion of the district courts less broad than contained in sec.
20, art. 5 of the constitution.

Legislative enactments limiting the jurisdiction of the
constitutional courts of the state cannot be upheld.

Prior to November 4, 1936, sec. 9, art. 5 of the constitu-
tion read as follows:

"The Supreme Court shall have jurisdiction to review,
upon appeal, any decision of the district courts, or the
judges thereof, and any order of the public utilities com-
mission; the legislature may provide conditions of appeal,
scope of appeal, and procedure on appeal from orders of the
public utilities commission. * * *"

At its regular session in 1935 the legislature passed a
joint resolution proposing an amendment to sec. 9, art. 5,
the same to be submitted to a vote of the people at the gen-
eral election on November 3, 1936, and proposed that the
following additions be inserted in said section so that it
would read as follows:

"The supreme court shall have jurisdiction to review,
upon appeal, any decision of the district courts, or the
judges thereof, and any order of the public utilities com-
mission, *and any order of the Industrial Accident Board*:

the legislature may provide conditions of appeal, scope of appeal, and procedure on appeal from orders of the public utilities commission *and of the Industrial Accident Board. On appeal from orders of the Industrial Accident Board the court shall be limited to a review of questions of law.*"

I assume it will be conceded that in the absence of the amendment providing for direct appeals from orders of the Industrial Accident Board to the supreme court (1935 Sess. Laws, p. 377) the district court would have had jurisdiction of both the subject-matter and of the parties in the instant case. The query then arises, did the amendment deprive the district courts of jurisdiction in unemployment compensation controversies, and vest in the Industrial Accident Board, exclusively, power under the Unemployment Compensation Law to hear and determine all matters enumerated in the Unemployment Compensation Law and the numerous amendments thereto, subject only to review upon appeal directly to the supreme court as in cases brought under the Workmen's Compensation Law?

It will be observed that the resolution to be submitted to the people amending sec. 9, art. 5, supra, passed the House and Senate in 1935, and at that time there was no Unemployment Compensation Law in this state. The original Unemployment Compensation Law was enacted August 6, 1936, but did not become effective until September 1, 1936, and it provided, as heretofore pointed out, that it should be administered by the Industrial Accident Board *until otherwise provided by law,* acting not as the Industrial Accident Board but as administrator of the Unemployment Compensation Law. Otherwise stated, the legislature designated the Industrial Accident Board as the agency to administer the Unemployment Compensation Law. It could well have designated any other agency, bureau or commission. When administering this law the Industrial Accident Board is not acting under its power, constitutional or statutory, as the Industrial Accident Board, but merely in the capacity and possessed of the power and authority conferred upon it by the Unemployment Compensation Law.

The constitutional amendment to sec. 9, art. 5, wherein it is provided "the Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof, and any order of the public utilities commission, and any order of the Industrial Accident Board," has no application to the Unemployment Compen-

sation Law, but has reference only to the Workmen's Compensation Law, and wherein said amendment provides "the Supreme Court shall have jurisdiction to review upon appeal * * * any order of the Industrial Accident Board" cannot, by any stretch of the imagination, be extended to include any order of the Industrial Accident Board sitting as administrator of the Unemployment Compensation Law.

Clearly it was not the intention of the legislature in proposing the amendment, or the voters when adopting it, to provide for an appeal directly to the supreme court from any order of the Industrial Accident Board sitting as administrator of the Unemployment Compensation Law made at some future time in administering the Unemployment Compensation Law which was to be administered by the board temporarily, or until otherwise provided by law. If it had been the intention of the legislature such a provision would have been included in the amendment, and it would have read that a direct appeal to the supreme court would lie from any order of the Industrial Accident Board, *or any order of the Industrial Accident Board sitting as administrator of the Unemployment Compensation Law.*

Should it be held that under sec. 9, art. 5 of the constitution, as amended, the district courts may be by-passed and held to be without jurisdiction to entertain controversies arising under the Unemployment Compensation Law, and that review of all orders made by the Industrial Accident Board sitting as administrator of the Unemployment Compensation Law could be reviewed only by direct appeal to the supreme court, as in matters arising or growing out of the Workmen's Compensation Law, and that the supreme court would be limited to a review of questions of law only, it would follow that in all appeals from any order of the Industrial Accident Board administering the Unemployment Compensation Law the supreme court would be limited to a review of questions of law only, and no review of questions of fact involved would be subject to judicial review or determination. Such holding would nullify sec. 20, art. 5 of the constitution, wherein it provides that the district court shall have original jurisdiction in all cases, both at law and in equity, and also overrule *Fox v. Flynn,* supra.

In my opinion the legislature had no power under the amendment to limit appeals direct to the supreme court from any order of the Industrial Accident Board sitting as

administrator of the Unemployment Compensation Law as it undertook to do in chap. 182, 1941 Sess. Laws, p. 389, sec. 5, subsec. (g) and in chap. 68, 1943 Sess. Laws, p. 139, sec. 1, hence the above amendments were without force or effect and did not deprive the district court of jurisdiction in unemployment compensation controversies.

I concur in the majority opinion wherein it is held: "In other words we hold that the district court had jurisdiction to construe the law and pass upon its constitutionality," but dissent from the holding "that it [district court] had no jurisdiction to investigate the facts, to make findings thereon or to determine the weight of the evidence or credibility of witnesses."

To my mind the above holding is not sound. Either the district court had jurisdiction of both the parties and the subject-matter and that such jurisdiction carried with it power to determine every issue or question properly arising in the case, to do all things with reference thereto, and to grant full relief, or the Industrial Accident Board had exclusive jurisdiction of the entire controversy subject to review of questions of law only upon appeal to this court, not divided jurisdiction.

Under the majority holding it becomes necessary for appellants to go to the district court and have that court pass upon the constitutionality of the Unemployment Compensation Law, and that is as far as the district court can proceed. Then it becomes necessary for appellant to appear before the Industrial Accident Board, sitting as administrator of the Unemployment Compensation Law, where an investigation will be had of the facts, which cannot be reviewed on appeal to this court, the supreme court being limited under the constitution, as amended, to a review of questions of law only. There is no judicial determination of the facts except by an administrative board. Clearly this is not due process of law.

There is no question that the people, not the legislature, amend the constitution, but the constitution must be amended by the people before its plain provisions are disregarded and courts deprived of judicial power in violation of the constitution by legislative enactment conferring such judicial power upon administrative boards. Furthermore, it is illogical to hold that under the amendment the people had in mind the enactment of the Unemployment Compen-

sation Law, or any other law enacted at a time subsequent to the proposed amendment, or that the legislature would subsequently temporarily empower the Industrial Accident Board to administer said law, and that said amendment deprived the district court of all jurisdiction under the Declaratory Judgment Law and limited review of all proceedings had under the Unemployment Compensation Law. The people, no doubt, reading the proposed amendment understood that it had reference only to proceedings before the Industrial Accident Board in industrial accident proceedings, not proceedings before the Board as an agency administering the Unemployment Compensation Law, or any other law subsequently enacted by the legislature designating said Board as temporary administrator thereof.

Whether or not the Industrial Accident Board, in the first instance, is authorized to determine factual matters in unemployment compensation proceedings is not necessarily here for determination. The only question here necessary to be determined is whether or not the district court, under the Declaratory Judgment Law, had jurisdiction to determine, adjudge and declare the rights, status and duties of appellant under the Unemployment Compensation Law. The Declaratory Judgment Law was enacted for the express purpose of avoiding unnecessary expense and delay by affording an opportunity to litigants to have their rights, status and obligations judicially determined in a proper proceeding thereby avoiding double appeals and double expense and unnecessary delay.

I am, therefore, not convinced that double appeals or double expense is a sound or sufficient reason, or any reason, to emasculate a constitutional provision, or that it actuated or influenced the adoption of the amendment to the constitution.

In my opinion the demurrer should have been overruled in its entirety, not in part. The district court had jurisdiction of the parties and the subject-matter without limitation, and should have proceeded to determine the entire controversy.

I am authorized to state that Justice Dunlap concurs in the foregoing dissenting opinion.