Hutcher v Madison Sq. Garden Entertainment Corp. (2023 NY Slip Op 01646)

Hutcher v Madison Sq. Garden Entertainment Corp.

2023 NY Slip Op 01646

Decided on March 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023

Before: Kern, J.P., Oing, Kennedy, Pitt-Burke, Higgitt, JJ. 

Index No. 653793/22 Appeal No. 17588-17589-M-912 Case No. 2022-05178, 2022-05318 

[*1]Larry Hutcher et al., Plaintiffs-Respondents-Appellants,
v
Madison Square Garden Entertainment Corp. et al., Defendants-Appellants-Respondents. 

King & Spalding LLP, New York (Randy M. Mastro of counsel), for appellants-respondents.
Davidoff Hutcher & Citron LLP, New York (Larry Hutcher of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about November 14, 2022, and order (denominated supplemental order), same court and Justice, entered on or about November 18, 2022, which, insofar as appealed from, granted plaintiffs' motion for a preliminary injunction to the extent of enjoining defendants from denying access to a person presenting a valid ticket to a theatrical performance or a musical concert on the day of an event at defendants' venues, unanimously reversed, on the law, without costs, and the preliminary injunction vacated.
The motion court properly concluded that Civil Rights Law § 40-b requires the admission of plaintiffs to venues controlled by defendants if they arrive at the venue after it opens on the date of a theatrical performance or musical concert with valid tickets thereto. We reject the invitation of amicus curiae the New York State Trial Lawyers Association to treat defendant Madison Square Garden Entertainment Corp. as a common carrier with a more limited right to exclude.
The motion court properly excluded sporting events from its holding because Civil Rights Law § 40-b is specifically limited in application to "legitimate theatres, burlesque theatres, music halls, opera houses, concert halls and circuses" (see Madden v Queens County Jockey Club, Inc. , 296 NY 249, 254, 256 [1947], cert denied 332 US 761 [1947]; Impastato v Hellman Enters. , 147 AD2d 788, 790 [3d Dept 1989]; Mandel v Brooklyn Natl. League Baseball Club Inc. , 179 Misc 27, 28-29 [Sup Ct, Bronx County 1942]). Although Madison Square Garden is a multi-purpose venue that sometimes functions as a concert hall or theatre and other times as a sporting arena, we find that it only falls within the ambit of Civil Rights Law § 40-b when it is being used for an enumerated purpose.
However, it was improper for the motion court to issue a preliminary injunction. As Civil Rights Law § 41 prescribes a monetary remedy for violations of Civil Rights Law § 40-b, plaintiffs are limited to that remedy (see Woollcott v Shubert , 169 App Div 194, 197 [1st Dept 1915] ["The general rule is that where a statute creates a right and prescribes a remedy for its violation that remedy is exclusive and neither an action for damages nor for an injunction can be maintained"]; O'Connor v 11 W. 30th St. Rest. Corp. , 1995 US Dist LEXIS 8085, *20, 1995 WL 354904, *6 [SD NY June 1, 1995]; see also Drinkhouse v Parka Corp. , 3 NY2d 82, 88 [1957], superseded by statute on other grounds as stated in Alan J. Waintraub, PLLC v 97-17 Realty, LLC , 2020 NY Slip Op 34502[U], *10-11 [Civ Ct, Queens County 2020]; Broughton v Dona , 101 AD2d 897, 898 [3d Dept 1984], lv dismissed 63 NY2d 769 [1984]). Even if injunctive relief were available, the existence of a statutory damages remedy would undermine plaintiffs' claims of irreparable harm (see Civil Rights Law § 41; Woolcott , 169 AD at 199). M-912 — Larry Hutcher v Madison Square Garden Entertainment Corp. 
Motion for [*2]leave to file an amicus curiae brief granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2023