Hutcher v Madison Sq. Garden Entertainment Corp. (2023 NY Slip Op 06314)

Hutcher v Madison Sq. Garden Entertainment Corp.

2023 NY Slip Op 06314

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 653793/22 Appeal No. 1168-1169 Case No. 2023-03203 2023-03204 

[*1]Larry Hutcher et al., Plaintiffs-Respondents-Appellants,
v
Madison Square Garden Entertainment Corp., et al., Defendants-Appellants-Respondents. 

King & Spalding LLP New York (Randy M. Mastro of counsel), for appellants-respondents.
Davidoff Hutcher & Citron LLP, New York (Larry Hutcher of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 26, 2023, which, to the extent appealed from, denied defendants' motion to dismiss plaintiffs' third and eighth causes of action alleging violations of Civil Rights Law § 40-b, unanimously affirmed, with costs. Cross-appeal from aforesaid order, unanimously dismissed, without costs, as abandoned. Order, same court and Justice, entered June 26, 2023, which granted plaintiff Myron Rabji's motion for partial summary judgment against defendants in the amount of $662.35, unanimously reversed, on the law, and the motion denied, with costs.
While plaintiffs do not contest the appeals and have represented that they will not be pursuing the underlying litigation, this does not render defendants' appeals moot. The mootness doctrine will deprive a court of the ability to review a case where a change in circumstances between the parties has eliminated the controversy that once existed (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]). However, an appeal is not moot where "the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of New York Comm. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]). Defendants have the right to appeal the order addressing the motion to dismiss because it may serve as unfavorable precedent in related cases that have been brought against them.
Reviewing this order and defendants' arguments on the merits, however, the order is affirmed. This Court and the motion court have previously rejected defendants' argument that Civil Rights Law § 40-b does not apply to this action (see e.g. Hutcher v Madison Sg. Garden Entertainment Corp., 214 AD3d 573, 573 [1st Dept 2023]).
However, the order granting partial summary judgment is reversed as premature. At the time the motion court granted this order, defendants had not yet answered the amended complaint, and there was a pending motion to dismiss (SHG Res., LLC v SYTR Real Estate Holdings LLC, 201 AD3d 610, 611 [1st Dept 2022] ). Given that we are reversing on prematurity grounds, we decline to address defendants' additional arguments relating to this order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023